RAMONA E. AGUILAR, as Guardian ad Litem of CARMEN LOPEZ, an Infant, et al., Respondents, *v.* STATE OF NEW YORK, Appellant.

Third Department, November 14, 1951.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *John R. Davison* of counsel), for appellant.

*Murray Freeman* for respondents.

COON, J. The infant claimant has had judgment for $15,000 for injuries to her right hand sustained when her hand was projected in some manner through a window at Wassaic State School for Mental Defectives, where claimant was an inmate.

It is claimant's testimony that she was assaulted by a young female attendant, and in the struggle was pushed and struck in a manner which caused her to break a window with her right hand. Evidence of this alleged assault is dependent entirely upon the testimony of the claimant. The accused attendant

testified that she was not in the room with claimant at the time the window was broken. It is the contention of the State that claimant deliberately broke the window in a fit of temper while the attendant was outside.

The award is not made on a theory of lack of supervision, but is based squarely upon a finding that claimant's injury is the result of an assault by the attendant. It thus becomes of the utmost importance that all competent evidence be carefully scrutinized in determining which of these two versions, so widely at variance, is correct.

In this situation the trial court rejected the testimony of three other inmates of the institution offered by the State. Under the circumstances presented such rejection was erroneous. The first such witness was sworn and testified that she was twenty-one years old; believed in God; knew that it was a sin to tell a lie, and that she was going to tell the truth. At that point counsel for claimants objected to her further testimony, stating: " The rules of evidence is (sic) that people in mental institutions do not qualify as witnesses." After some discussion the court stated: " I am going to sustain the objection on the grounds, or some of the grounds mentioned by counsel, and perhaps the broader humanitarian grounds as a matter of discretion." A proper exception was taken. Counsel for the State then offered the testimony of two more inmates, stating that they would testify that claimant put her hand through the window and that the attendant was not in the room at the time. Without any preliminary examination of the proposed witnesses at all, the court rejected this offer of proof.

The capacity of an adult witness is presumed, and to exclude a witness on the ground of mental incapacity, the existence of the incapacity must be made to appear. (2 Wigmore on Evidence [3d ed.], § 497.) A commitment to a mental institution or an adjudication of incompetency does not render a witness incompetent as a matter of law. (*Barker* v. *Washburn*, 200 N. Y. 280; *District of Columbia* v. *Armes*, 107 U. S. 519; *People* v. *Van Allen*, 275 App. Div. 181.)

The Trial Judge may have had in mind that because of their situation as inmates he would give no weight to the testimony of these witnesses, and therefore it was useless. However, this court also has a right and duty to weigh the evidence, and the parties are entitled to have in the record any competent testimony which is offered. While the trial court is vested with broad discretion in ruling upon the competency of a witness, that discretion is likewise reviewable, and the record should

disclose the facts upon which it is exercised. For ought that appears in the record, the intelligence and understanding of these three offered witnesses may have been equal to that of the claimant at the time of the incident involved.

In that connection the State offered the testimony of Dr. Rosenfeld, a psychiatrist formerly connected with Wassaic State School, and Dr. Schiller, supervising psychiatrist there, as to the mental condition of the offered witnesses. Such testimony was rejected by the court, we think improperly. The mental capacity of a witness to testify is to be determined by the trial court "upon examination of the party himself, and any competent witnesses who can speak to the nature and extent of his insanity." (*District of Columbia* v. *Armes, supra*, p. 522.)

The question of the weight of evidence in this case is a close one, and the issue of fact is sharply drawn. In the interest of justice a new trial is necessary.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

FOSTER, P. J., HEFFERNAN, BREWSTER and BERGAN, JJ., concur.

Judgment reversed and a new trial ordered, with costs to abide the event. [See *post,* p. 1121.]