Chief Judge Conway.
Defendant-appellant Pitts, convicted in 1957 of manslaughter in the first degree, appealed to the Appellate Division, Second Department. Thereafter, from June, 1957 to September, 1958, he made in the Appellate Division, pro se, four separate motions, which included, inter alia, motions for leave to appeal in forma pauperis and for assignment of counsel. Throughout the entire period during which these various motions were made by Pitts there was no record available to him nor was there a record before the Appellate Division. Each of the motions was opposed by the District Attorney upon the ground that there was no showing of merit to the appeal. All four were denied by the Appellate Division. Finally, on September 29, 1958, on the call of the calendar and upon an oral motion to dismiss the appeal by the District Attorney, the Appellate Division dismissed the appeal, “no record or brief having been filed, and there being no appearance for the appellant ”.
The defendant then applied to an Associate Judge of this court for leave to appeal from the order of the Appellate Division dismissing his appeal to that court. The application was granted. Subsequently, the People moved to dismiss the appeal claiming that we lacked jurisdiction. We denied the motion with leave to renew it on the argument of the appeal.
The People have now renewed the motion and we have concluded that it must be denied. That the order before us dis *291 missing defendant’s appeal for failure to prosecute is a final determination and affects a substantial right of the defendant is not open to dispute (Code Crim. Pro., § 519, subd. 5; People v. Pride, 3 N Y 2d 545; see, also, Cohen and Karger, Powers of the New York Court of Appeals, p. 720). It may not be argued that defendant’s appeal should be dismissed upon the ground that the Appellate Division’s order of dismissal was discretionary in nature inasmuch as there was nothing before the Appellate Division which could raise a question of discretion. The only issue before that court was the indigence of Pitts, which he averred and which the respondent did not controvert. Moreover, in view of the change in constitutional law brought about by the cases of Griffin v. Illinois (351 U. S. 12) and People v. Pride (3 N Y 2d 545, supra), it is clear that the nature of an Appellate Division order such as the present one is no longer a deterrent to our review of it. Accordingly, we turn to the merits of the appeal.
Defendant urges this court to reverse the order of the Appellate Division dismissing his appeal and to direct that court to assign counsel to enable him to adequately pursue his appeal there. His contention is that, under the circumstances of his case, the denial by the Appellate Division of his various motions for assignment of counsel deprived him of his right to an appellate review and that the dismissal of his appeal amounted to a denial of his constitutional rights. We agree.
In the case of Griffin v. Illinois (351 U. S. 12, supra,) the Supreme Court of the United States decided that a State denies a constitutional right guaranteed by the Fourteenth Amendment to the United States Constitution if it allows all convicted persons to have appellate review except those who cannot afford to pay for the records of their trial. In short, the Supreme Court held: “ Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.” (Griffin v. Illinois, supra, p. 19.)
In our State, under section 456 of the Code of Criminal Procedure, upon a defendant’s conviction for a crime, the Clerk of the court in which the conviction takes place shall, within two days after notice of appeal has been served upon him, notify *292 the stenographer that an appeal has been taken. Thereupon the stenographer shall within 10 days of such notice deliver to the Clerk of the court a copy of the stenographic minutes of the trial which shall be filed by the Clerk in his office. The expense of the copy is a county charge. In the present case the minutes of the trial testimony were not filed in the office of the Clerk of Queens County until well after defendant’s appeal had been dismissed by the Appellate Division. Clearly, section 456 was never complied with in this case.
As we have said, a State, once having granted the right to take an appeal, may not without doing violence to the constitutional rights of an indigent defendant, require of him, as a condition precedent to the taking of such appeal, the payment of fees in order to obtain a record of the trial minutes (Griffin v. Illinois, 351 U. S. 12, supra; People v. Pride, 3 N Y 2d 545, supra). The rationale behind that rule is that such a condition amounts to a discrimination based on financial condition alone and as such amounts to a denial of equal protection and due process of law to those financially unable to pay for a copy of the trial minutes.
In order to insure adequate appellate review, without abridging the constitutional rights of penniless defendants, it is not required in every case that the convicted person be assigned counsel for his appeal. Such persons receive the protection guaranteed to them by the Constitution, both State and Federal, when a copy of the trial minutes are made available to them and to the court to which they take their appeal (People v. Breslin, 4 N Y 2d 73).
In the case of an indigent defendant, physically unable to inspect the minutes of the trial on file in the County Clerk’s office — as where he is incarcerated at the time he seeks to appeal — and who urges errors as occurring at the trial, assignment of counsel for his appeal is required to insure that he be afforded adequate appellate review within the meaning of the equal protection and due process clauses of the Constitution (People v. Kalan, 2 N Y 2d 278). That is for the reason that there is no statutory or constitutional provision by which we may make available to the destitute a copy of the trial minutes free of charge. Section 302 of the Judiciary Law allows the District Attorney, the Attorney-Greneral, or the Trial Judge to obtain a stenographic copy of the minutes of the trial at county *293 expense. But the same statute requires the payment of fees by a defendant before a copy may be furnished to him. However, as we have seen, supra, a stenographic copy of the trial minutes must be filed free of charge in the County Clerk’s office shortly after a defendant files his notice of appeal (Code Grim Pro., § 456). So, in a situation where a destitute defendant is physically unable to inspect the record on file in the County Clerk’s office, the assignment of counsel on his appeal is required in order to make certain that that task is performed for him.
In our judgment, the present case falls within the purview of our holding in the Kalan case (supra).
Here, as in the Kalan case, we have an indigent defendant, alleging errors which took place at the trial, but who is physically unable to inspect the trial minutes due to the fact that he is in jail. The fact of his indigence was, again as in the Kalan case, not controverted and, so, must be deemed to have been proven. Moreover, at the time Pitts made his motions in the Appellate Division, not only were the minutes of the trial not before that court, they were not, as required by section 456 of the Code of Criminal Procedure, as yet on file in the office of the County Clerk. In addition, in the present case, defendant was convicted of a homicide — manslaughter in the first degree and sentenced to 12% to 25 years, whereas Kalan was convicted of a crime against property—grand larceny and sentenced to 5 to 10 years. Finally, the record now before us consists of two volumes of typewritten minutes totaling in all 750 pages. The considerable size of the record along with the far more serious nature of the crime involved, with its concomitant longer jail sentence, are additional reasons, over and above those set forth in the Kalan case, for requiring that Pitts be assigned counsel to conduct his appeal.
The order of the Appellate Division should be reversed and the appeal remitted to that court for further proceedings in accordance with this opinion.
Judges Desmond, Dye, Ftjld, Fboessel, Van Voorhis and Burke concur.
Order reversed, etc.