271 F.2d 298
 UNITED STATES of America ex rel. Michael A. GARCIA,
Petitioner-Appellant,
v.
Walter B. MARTIN, Warden of Attica Prison, Attica, New York
and The People of the State of New York, Appellees.
 No. 340, Docket 25294.
 United States Court of Appeals Second Circuit.
 Argued June 10, 1959.
Decided Oct. 15, 1959.
 
 William D. Powers, New York City, for petitioner-appellant.
 Peter F. Gulotta, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., Irving Galt, Asst. Sol. Gen., New York City, Michael Freyberg and George K. Bernstein, Asst. Attys. Gen., on the brief), for appellees.
 Before HINCKS and MOORE, Circuit Judges, and SMITH, District Judge.
 HINCKS, Circuit Judge.
 
 
 1
 Garcia appeals from an order denying, without a hearing, his petition for a writ of habeas corpus entered in the District Court for the Western District of New York. He is presently serving a sentence of twenty years to life imprisonment imposed by the County Court of Queens County on March 28, 1955, after conviction upon sixteen counts including charges of kidnapping, assault and robbery.
 
 
 2
 Garcia was represented by counsel during the course of the trial. After his conviction and sentence, his counsel filed a timely notice of appeal to the Appellate Division, Second Department. The appeal was based on alleged errors of law in the trial without claim that any constitutional rights had been violated. Subsequently, his counsel moved to obtain leave from said Appellate Court for Garcia to appeal as a poor person, alleging that various trial errors had occurred. In this motion, although it was alleged that a copy of the transcript had been filed in the office of the clerk of the County Court in conformity with N.Y.Code Code Crim.Proc. 456,[1] a free copy of the transcript of the trial was also sought. On September 19, 1955, the Appellate Division denied Garcia's motion; and he was informed by the clerk of Judge Froessel of the New York Court of Appeals that that court was without jurisdiction to hear an appeal from the order. His counsel, feeling that there was nothing further that could be done for him, terminated his services. On January 13, 1958, Garcia's appeal from the conviction was dismissed by the Appellate Division for failure to prosecute.
 
 
 3
 In the interim, Garcia, then without the aid of counsel, sought a writ of habeas corpus in the County Court of Wyoming County, on the ground that the denial of his motion to appeal as a poor person amounted to a deprivation of due process and equal protection. The application was denied on July 23, 1957, and leave to appeal the order in forma pauperis was denied by the Appellate Division, Fourth Department, 4 A.D.2d 854, 166 N.Y.S.2d 1009. An attempt to appeal to the Court of Appeals was frustrated by a letter from the clerk that the court was without jurisdiction to entertain such an appeal. On an application direct to the United States Supreme Court, certiorari was sought. This was denied. 356 U.S. 904, 78 S.Ct. 565, 2 L.Ed.2d 582.
 
 
 4
 Thereafter, Garcia, still without counsel, brought a petition for a writ of habeas corpus in the District Court for the Western District of New York. In this petition he did not allege that no copy of the trial transcript had been filed in the clerk's office of the County Court as required by 456 of the New York Code of Criminal Procedure, but he did clearly claim that his constitutional rights had been violated in that his motion for leave to appeal in forma pauperis had been denied and he had not been provided with a free copy of the transcript of file in the County clerk's office.[2] Judge Morgan held that Garcia had exhausted his state remedies, but he denied Garcia's application on the merits without a hearing, in a memorandum decision reported in D.C., 171 F.Supp. 99. However, he granted a certificate of probable cause and leave to appeal in forma pauperis. Pursuant to such leave, this appeal has been brought with the aid of assigned counsel.
 
 
 5
 In the habeas corpus proceedings in Wyoming County, from the order of the Appellate Division, Fourth Department, denying Garcia's motion for leave to appeal in forma pauperis, Garcia applied to the Supreme Court of the United States for certiorari which was denied as above stated. We think that he thereby exhausted state remedies, Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; United States ex rel. Smith v. Baldi, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549, available for the only constitutional claim theretofore presented, viz., that, irrespective of the merits of the proposed appeal from his conviction brought with the assistance of counsel, he was entitled to prosecute that appeal in forma pauperis and to have physical possession of a free copy of the trial transcript which was on file in the County trial court.
 
 
 6
 We are thus brought to the merits of the federal habeas petition. At the time of the direct appeal from his conviction Garcia was represented by a lawyer who had access to the trial transcript on file in the clerk's office pursuant to 456, N.Y.Code Crim.Proc. In these respects the case here differs from Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529, and Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593. For here the appellant had reasonable opportunity to point out to the Appellate Division whatever merit pertained to his proposed appeal. Consequently, there is no room for the application of the doctrine of Griffin v. People of States of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, which, of course, was not applicable to situations in which the state law required the filing of trial transcripts. The Farley and Johnson cases, cited above, implicitly recognize that in the federal system frivolous appeals may not be brought in forma pauperis and that leave so to appeal may be withheld without violation of constitutional requirements if the appellant has reasonable opportunity to show to the appellate court whatever merit inheres in the appeal. That holding is equally applicable to forma pauperis appeals in the state courts. See Griffin v. People of State of Illinois, supra, at page 24. In a recent case the New York Court of Appeals has held that an indigent defendant, unable to gain access to the transcript due to his incarceration, must be assigned counsel in order that the transcript on file be utilized. People v. Pitts, 6 N.Y.2d 288, 189 N.Y.S.2d 650. By clear implication it follows that where the defendant has counsel, as Garcia did at this stage of the state proceedings, there is no constitutional requirement that he be provided with physical custody of a copy of the transcript when it is on file and available to the lawyer in the county clerk's office and to the appellate court on its order.
 
 
 7
 We conclude that the federal habeas petition failed to state a violation of federal constitutional rights. It was properly denied without a hearing.
 
 
 8
 The Court wishes to express its thanks to Mr. William D. Powers, who ably represented Garcia on this appeal.
 
 
 9
 Affirmed.
 
 
 
 [1]
 As appeal is allowed to criminal defendants in New York as a matter of right. N.Y.Code Crim.Proc. 517. After notice of appeal is filed, the stenographer at the trial is charged by statute with the responsibility of filing the stenographic minutes with the clerk of the trial court, the expense to be charged to the county concerned. N.Y.Code Crim.Proc. 456
 
 
 [2]
 Garcia's counsel in this appeal, asserts by brief that no transcript was ever filed in the County Court and contends that this omission was in violation of the Constitution. But no such assertion is contained in either the state or federal habeas petition, and nothing that has come up to us from the court below supports that assertion. Such a claim of constitutional deprivation has never been presented to the state courts