**Charles VAN NEWKIRK, Petitioner,**

v.

**DISTRICT ATTORNEY, RICHMOND COUNTY, NEW YORK,**
Respondent.

**No. 63–M–142.**

United States District Court
E. D. New York.
Jan. 11, 1963.

Charles Van Newkirk pro se.

ZAVATT, Chief Judge.

This is a petition to proceed in forma pauperis for the removal of a criminal prosecution pending in the County Court of Richmond County, New York (within this District) to this court and a motion to so remove pursuant to 28 U.S.C. § 1446. The court finds that the petitioner qualifies for leave to proceed in forma pauperis and authorizes the petitioner to so proceed in this matter as provided by 28 U.S.C. § 1915. The petitioner is confined in Matteawan State Hospital, Beacon, County of Dutchess, State of New York. Although his place of confinement is not within this District and the petitioner labels his petition as one for a writ of habeas corpus, the court

construes the petition as one for removal of a criminal prosecution from a State court to this court and determines that the petition is properly made to this court pursuant to 28 U.S.C. § 1446(a), which provides that such a petition shall be filed in the district court of the United States for the district within which the state criminal prosecution is pending. Insofar as the petition seeks relief by way of a writ of habeas corpus it is denied for lack of jurisdiction, United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952), Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948), and also because of the fact that the petitioner has made three previous petitions for such a writ to the United States District Court for the Southern District of New York (within which the Matteawan State Hospital is situated) all of which have been denied. 28 U.S.C. § 2244.

█ The petitioner alleges that he was indicted in Richmond County, New York, in 1959; that he has never been brought to trial; that he was committed to Matteawan State Hospital without proper notice, without a hearing and without the aid and assistance of counsel —all in violation of the laws of the State of New York and the Constitution of the United States; that he is charged in the indictment with first degree assault, in violation of section 240 of the New York Penal Law, and with the unlawful possession of a revolver, in violation of section 1897(5–a) of the New York Penal Law.

The petitioner does not attack the validity of any law of New York State or the Constitution of New York State. Rather, he contends that the acts of the law enforcement officers of Richmond County in procuring an order for his commitment to Matteawan were in contravention of section 1258 of the New York Civil Practice Act and section 124 (3) of the New York Mental Hygiene Law.

28 U.S.C. § 1443 is the substantive section relating to the right to remove. Section 1446 is the procedural section. Section 1443 affords a right of removal to a defendant for the protection of his civil rights. The right to such removal is restricted to instances in which one's civil rights are being denied by a state constitution or a state statute. Denials of such rights, not by a state constitution or statute but by illegal, corrupt or prejudicial acts of state officers, are not sufficient grounds for removal. 1A Moore, Federal Practice 872; Murray v. State of Louisiana, 163 U.S. 101, 16 S.Ct. 990, 41 L.Ed. 87; Commonwealth of Kentucky v. Powers, 201 U.S. 1, 30, 26 S.Ct. 387, 50 L.Ed. 633; Rand v. State of Arkansas, D.C., 191 F.Supp. 20, 24 (1961).

The defendant's petition for leave to proceed in forma pauperis is granted. In all other respects the petition is denied. This is an order.