Per Curiam.

Appellant was convicted in August, 1950, in the Court of General Sessions, of the crime of robbery in the first degree and criminal possession of a pistol. He appealed to the Appellate Division, First Department, from the judgment of conviction. This appeal was dismissed for lack of prosecution although it rather clearly appears that appellant was prevented from perfecting his appeal because he lacked financial means to procure a copy of the trial minutes. Repeatedly during the intervening years, he has moved for relief and his motions have been denied on one ground or another.
The instant proceeding was instituted for a writ of error coram nobis upon the contention that the refusal to make available to him as an indigent person a copy of the trial minutes so that he, being without counsel, could perfect his appeal deprived him of his constitutional rights. A writ of error coram nobis was denied at General Sessions. However, the order erroneously read: “ Ordered that the defendant’s motion to reargue an appeal be, and the same hereby is, denied.” Appellant appealed to the Appellate Division and that court granted him *252 permission to prosecute, as a poor person, Ms appeal from the order “ denying defendant’s application for a writ of error coram nobis. ’ ’ Subsequently, however, his appeal was dismissed on the ground that no “ appeal lies from an order denying a motion to reargue the appeal.” Permission to appeal was granted by a Judge of this court and while the appeal was pending the Judge at General Sessions resettled his earlier order and recited that it merely denied “ the motion for a writ of error coram nohis.”
The dismissal of defendant’s appeal to the Appellate Division was apparently based upon a misapprehension in that he was appealing from the denial of a motion to reargue. The order should be reversed and the matter remitted to the Appellate Division for further proceedings-in accordance with this opinion and appellant privileged to raise before that court the issue of equal protection of the laws, so that it may explore the validity of its original dismissal of his appeal from the judgment of conviction (Griffin v. Illinois, 351 U. S. 12; People v. Kalan, 2 N Y 2d 278; People v. Pitts, 6 N Y 2d 288; People v. Breslin, 4 N Y 2d 73).
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke, Foster and Sgileppi concur.
Order reversed, etc.