■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH MARCHESE, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated December 17, 1962, which denied, without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered September 13, 1960 after a jury trial, convicting him of burglary in the third degree and grand larceny in the second degree, and imposing sentence. Order affirmed. The basis for the relief sought by defendant is that, immediately following the verdict of the jury on May 26, 1960, his retained counsel had agreed to file a notice of appeal; that his mother had visited counsel's office on June 8, 1960 and several times thereafter; and that on each occasion counsel had assured her that " everything was being taken care of " and that he would " take care of the matter promptly." Nevertheless, no notice of appeal from the judgment of conviction had been filed and the time within which to file it had expired. Thereafter and on April 25, 1961, about seven months after the rendition of the judgment, the defendant's counsel, in response to an inquiry about the status of the appeal, advised defendant that if he wished him to take an appeal he will do so upon the payment of a certain fee plus the printing expenses. Assuming that defendant's assertions are true, the failure to file a timely notice of appeal was attributable to defendant's retained attorney and not to the law-enforcement agencies of the State, as were the situations in *People* v. *Guhr* (5 A D 2d 688) and in *People* v. *Hairston* (10 N Y 2d 92). While the remedy of *coram nobis* was held to be available to defendant: (a) in *People* v. *Stanley* (12 N Y 2d 250), where it clearly appeared that defendant was prevented from perfecting the appeal because he lacked financial means to procure the trial minutes; and (b) in *People* v. *Adams* (12 N Y 2d 417), where defendant's court-assigned lawyer failed to " follow through " on the appeal, it should be noted that a timely notice of appeal had been filed in each case. That was not the situation at bar. This court is not empowered to enlarge the time to appeal, and it cannot assume to exercise such power indirectly. If the time to appeal is to be extended it must be done by legislative action. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOEL SMITH, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the former County Court, Kings County, dated August 9, 1962, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered October 28, 1959, after a jury trial, convicting him of manslaughter in the first degree, and imposing sentence. Order affirmed on the authority of *People* v. *Marchese* (19 A D 2d 728). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.