Leroy NASH, Petitioner-Appellant,

v.

Warden REINCKE, Connecticut State Prison, Defendant-Appellee.

No. 82, Docket 28202.

United States Court of Appeals Second Circuit.

Argued Oct. 25, 1963.

Decided Dec. 12, 1963.

John M. Donahue, Hartford, Conn.. (Robinson, Robinson & Cole, Hartford, Conn., on the brief), for petitioner-appellant.

John F. McGowan, Asst. State's Atty. for Fairfield County, Bridgeport, Conn. (Otto J. Saur, State's Atty. for Fairfield County, Bridgeport, Conn., on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge:

Leroy Nash appeals from an order of the District Court for the District of Connecticut which dismissed without a hearing his petition for a writ of habeas.

corpus. This appeal is but the most recent phase of eleven years of motions and appeals which have run the gamut of all the federal and the Connecticut courts bringing Nash's claims, in various aspects, nine times before the state courts and six times before the federal courts.

On July 9, 1947, Nash was convicted by a jury in the Connecticut Superior Court for Fairfield County of assault with intent to murder. The evidence showed that Nash, having agreed to accompany Captain Eugene F. Melvin of the Danbury Police Department to a police station, entered Melvin's automobile and moments later shot Melvin twice with a .38 caliber revolver. Nash did not testify on his own behalf and offered no evidence in his defense. Nash was sentenced to a term in the state prison of not less than twenty-five nor more than thirty years. He prosecuted no appeal but in 1952 he petitioned the Superior Court for a writ of habeas corpus, which was denied. Thereafter on November 25, 1952, he petitioned the District Court for habeas corpus, claiming, *inter alia,* that he had been prevented from obtaining trial counsel of his own choice, that he had objected to the public defender assigned to represent him, that the public defender had been given inadequate time in which to prepare the case, and that he had been deprived of his constitutional right to presentment before a grand jury. After a hearing, the District Court dismissed the petition. In 1958 the petitioner unsuccessfully sought to file an appeal in the state courts from the 1947 conviction and thereafter a petition for state habeas corpus *in forma pauperis.*

On March 17, 1959, he once again petitioned for habeas corpus in the District Court. Judge Smith, then a district judge, ordered Nash's release unless the state permitted him to file an appeal, as he was of the view that Nash had illegally been prevented from prosecuting

an appeal from the 1947 conviction. Pursuant to the mandate of the District Court, Nash sought leave to prosecute his appeal in the state courts as an indigent without paying the expenses normally incident to appeal. Apparently unwilling to be represented by the public defender, Nash asked to have one particular attorney appointed to represent him as a special public defender. The state court held that it was powerless to waive statutory court fees for an indigent appellant not represented by the public defender and that a special public defender would not be appointed and therefore ordered that the regular public defender be appointed in order to relieve Nash of the payment of statutory fees but not to represent him on the appeal in view of Nash's refusal to accept him. Nash unsuccessfully sought review in both the state and federal courts of the propriety of such a procedure.

Two subsequent petitions for federal habeas corpus were denied, and several motions concerning the conduct of prison officials and the public defender in the prosecution of Nash's appeal were heard and disposed of by the state courts. Finally, on December 4, 1961, Nash filed his appeal in the state Supreme Court of Errors. The 1947 conviction was affirmed, 149 Conn. 655, 183 A.2d 275, cert. denied, 371 U.S. 868, 83 S.Ct. 130, 9 L. Ed.2d 104 (1962).

On October 18, 1962, Nash filed the present petition for habeas corpus in the District of Connecticut. From Judge Blumenfeld's denial of this petition without a hearing Nash prosecutes this appeal, claiming five grounds of error.

Nash first claims that the District Court erred in concluding without a hearing that there had been no infringement of his constitutional rights arising from the character of his representation at the 1947 trial. We do not agree. Section 2244 of Title 28 of the United States Code[1] governs the situa-

---

1. 28 U.S.C. § 2244 provides:

"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has

tion in which successive applications are filed for federal habeas corpus. In Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), applying § 2244, the Supreme Court held that "Controlling weight may be given to denial of a prior application for federal habeas corpus * * * only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application," the latter being the case when "the evidentiary hearing on the prior application was not full and fair." 373 U.S. at 15–17, 83 S.Ct. at 1077.

The record shows that Nash has had these matters fully tried and determined *ad nauseam.* In Nash's 1952 petition for federal habeas corpus, he raised eighteen grounds of alleged error, including claims relating to the selection and adequacy of the public defender assigned to represent him. Judge Smith, after a full hearing, dismissed the petition, declaring that he was "satisfied that both the conduct of the criminal trial and his representation by counsel were in accord with the requirements of due process." Nash has failed to show that the 1952 hearing was not "full and fair." In such circumstances, Judge Blumenfeld enjoyed discretion to refuse a hearing on the present petition.

■■ Secondly, the appellant claims infringement of his right to an effective and meaningful appeal on the ground that he repudiated representation by the public defender and was denied counsel of his own choice. Such a serious charge would on its face warrant a hearing before the District Court. However, the record makes clear that Nash was not denied the opportunity to retain counsel of his choice but rather desired the appoint-

ment of a specific attorney as a special public defender. Howsoever far our law has advanced in protecting the rights of indigents, we have not yet approached the point at which one may demand that the state ignore the machinery established for the representation of indigents and in effect retain at public expense a private attorney of the defendant's choice. There is no reason or precedent for this as a general rule. We cannot say that there might never be a situation in which the appointment of a special public defender would be constitutionally required, as might be the case if persuasive evidence were adduced of disqualification or bias on the part of the public defender; however, where, as here, the function of the special public defender would be to raise on appeal claims already deemed insufficient by a federal court no such constitutional requirement can be supposed to exist.

■■ Appellant's contention that his case should have been presented to the grand jury for indictment is without merit, Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884), as is his claim that the state was required to grant him a transcript of the proceedings before the Superior Court on July 10, 1961. That hearing related to Nash's request for a special public defender and his claim of misconduct by prison officials and was in no way essential to a meaningful appeal from the 1947 conviction.

■ Finally, the appellant now for the first time maintains that his arraignment in 1947 in the absence of counsel constituted an infringement of his constitutional right to representation. It would be premature for the federal courts to consider this claim, since this question has never been before the Connecticut courts. 28 U.S.C. § 2254. We also note that Nash has failed to show how he could have been prejudiced in any way

been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground

not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry."

by the absence of counsel at the time of his plea of not guilty in the Superior Court for Fairfield County.

We note that John M. Donahue, Esq., as assigned counsel has well and truly represented the appellant on this appeal.

The order of the District Court is affirmed.