**UNITED STATES ex rel. Donald HICKS, Petitioner,**

v.

**Edward M. FAY, Warden, Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.
June 23, 1964.

Donald Hicks, pro se.

Louis J. Lefkowitz, Atty. Gen., of New York, for respondent; Brenda S. Soloff, Deputy Asst. Atty. Gen., of counsel.

FEINBERG, District Judge.

Petitioner, Donald Hicks, was convicted of the crimes of robbery in the first degree and grand larceny in the first degree in the County Court of Dutchess County, New York. He was sentenced on December 18, 1948, following a jury trial, to a term of ten to thirty years, plus an additional term of five to ten years for being armed at the time of commission of the crimes. He is presently serving that sentence at Green Haven Prison in Stormville, New York.

In the state courts alone, petitioner has filed in the past thirteen years over sixty-five petitions for collateral relief of one type or another. In his instant application he seeks release under a writ of habeas corpus, raising a number of issues related to, or identical with, those presented in an earlier application to this Court, filed on May 9, 1958.[1] In that application, petitioner raised the following contentions: (1) denial of an opportunity to show legal cause why judgment should not be pronounced against him; (2) knowing use by the district attorney of perjured testimony and the fraudulent concealment of evidence favorable to the defense; (3) denial of the right to produce favorable witnesses; (4) non-corroboration of accomplice testimony; (5) improper trial by the Dutchess County Court when the indictment was filed by a Dutchess County Supreme Court Grand Jury; (6) inadequacy of counsel and failure to al-

1. Since that date petitioner has filed in this Court at least five other applications for a writ of habeas corpus, all of which have been denied on one or more of the following grounds: (1) failure to raise a substantial federal question; (2) failure to exhaust state remedies; (3) failure to allege a ground not considered on the merits by this Court on a previous application. A certificate of probable cause and leave to appeal in forma pauperis from an order of Judge Palmieri, dated March 31, 1959, was denied by the Circuit Court of Appeals on July 21, 1959.

low defense in person; (7) lack of jurisdiction of the Dutchess County Court to try petitioner because of a pending indictment in the federal court.

Petitioner was assigned counsel and a writ of habeas corpus was granted by Judge Cashin on contentions 2, 3 and 6. Contentions 1, 4 and 5 were held to raise no federal questions, and contention 7 was held insubstantial.[2] Hearings were held on the writ on August 5 and 6, September 18, and November 21, 1958. Apart from petitioner, the witnesses who testified were John J. Lawson, who had assisted the police in the pre-trial investigation of the case; W. Vincent Grady, who was District Attorney of Dutchess County at the time of the trial; Hugh Patrick O'Neil, one of the co-defendants; Lloyd L. Rosenthal, Esq., assigned defense counsel at the trial; and John Bruno, Armand Gerentine, and Richard L. Townsend, victims of the robbery. In addition, subpoenas were issued directed to alibi witnesses whose names petitioner had supplied to his counsel at the trial, but attempts to locate them were unsuccessful.

After a review of all the evidence, Judge Cashin concluded that "absolutely no showing of deprivation of constitutional rights has been made," and accordingly dismissed the writ.[3] An application for a certificate of probable cause was denied by Judge Cashin on January 29, 1959, and by the Court of Appeals for the Second Circuit on May 5, 1959.

In his instant application, petitioner makes the following contentions: (1) the district attorney knowingly used perjured testimony at the trial; (2) petitioner's assigned trial counsel provided inadequate representation by failing to elicit the fact that Townsend was insane at the time of the trial and intoxicated on the night of the robbery; (3) the district attorney introduced the testimony of Townsend at petitioner's trial, knowing that Townsend was insane and, therefore, incompetent to testify; (4) trial counsel entered into a conspiracy with the district attorney to conceal the fact that Townsend was insane; (5) petitioner was unable to confer privately with trial counsel during the trial because of the proximity of the counsel table to the jury box; (6) petitioner was deprived of his right to appeal from the conviction because of his indigency.

Petitioner has presented all of these contentions in an application to the County Court, Dutchess County, for a writ of error coram nobis (hereinafter referred to as the "1962 coram nobis petition"). The application was denied without a hearing by order dated January 29, 1963. The order of denial was affirmed on November 26, 1963, 19 App. Div.2d 948, 246 N.Y.S.2d 177 (2d Dep't 1963). Leave to appeal to the New York Court of Appeals was denied, and a petition for a writ of certiorari was denied by the United States Supreme Court, 84 S.Ct. 1172 (U.S. April 20, 1964). Therefore, with the possible exception of contention 6, which will be discussed below, it is apparent that state remedies have been exhausted and, unless petitioner is foreclosed by his prior application, he is entitled to consideration by this Court of the merits of those claims that are alleged with sufficient particularity in the instant petition.

28 U.S.C. § 2244 provides:

"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented

2. Memorandum Opinion, United States ex rel. Hicks v. Fay, Civ. 133-181, S.D.N.Y., May 9, 1958.

3. Unpublished Opinion, United States ex rel. Hicks v. Fay, Civ. 133-181, S.D.N.Y., January 13, 1959.

and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry."

The Supreme Court has recently elaborated for the guidance of lower federal courts the general principles governing successive applications for both federal habeas corpus and post-conviction relief under 28 U.S.C. § 2255. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 308 (1963). In Sanders, the Supreme Court stated:

"Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."

Id. 373 U.S. at 15, 83 S.Ct. at 1077.

 As to contentions 1 and 2 in the instant application—relating to the alleged knowing use by the district attorney of perjured testimony and the alleged inadequacy of assigned counsel —I conclude after an examination of the transcript of the proceedings before Judge Cashin that petitioner was afforded a full and fair hearing on these issues. Cf. Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The specific contention made here that trial counsel failed to inquire into the alleged intoxication of Townsend on the eve of the robbery was developed at the first hearing.[4] In any event, both this contention and the further claim that trial counsel failed to elicit the alleged insanity of Townsend at the time of the trial (a matter which apparently was not raised, as such, at the hearing) are but different factual allegations to support the same "ground," i. e., inadequacy of counsel. See Sanders v. United States, supra, 373 U.S. at 16, 83 S.Ct. 1068. Absent a showing—upon which petitioner has the burden—that the evidentiary hearing on the prior application was not full and fair or that in some other respect "the ends of justice" would be served by a redetermination of the issue, petitioner cannot obtain another evidentiary hearing by successively raising the identical ground in piecemeal fashion. 28 U.S.C. § 2244; Sanders v. United States, supra 373 U.S. at 16–17, 83 S.Ct. 1068;[5] see Nash v. Reincke, 325 F.2d 310 (2 Cir. 1963). In accordance with the guidelines set down in Sanders, which "are addressed to the sound discretion of the federal trial judges" (373 U.S. at 18, 83 S.Ct. at 1079), I conclude that petitioner is not entitled to a second hearing on contentions 1 and 2, and that the disposition of those grounds by Judge Cashin is controlling.

 No matter how many prior applications for federal habeas corpus relief a prisoner has made, however, he is entitled to consideration of the merits of his claim if the new application alleges sufficient facts to support a different ground of relief and if the application is not "abusive." Sanders v. United States, supra 373 U.S. at 10–11, 17, 83 S.Ct. 1068; Price v. Johnston, 334 U.S. 266, 286–294, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948).

In the proceeding before Judge Cashin, petitioner attempted to raise the issue of Townsend's insanity but his effort was unsuccessful. Townsend's testimony was essential to conviction since the only witnesses who were able to identify petitioner as a participant in the robbery were the two surviving accomplices and Townsend, one of the four victims of the robbery. Had Townsend been held incompetent as a witness, or had the jury disbelieved Townsend's testimony be-

---

4. Transcript of Hearing before Judge Cashin, September 18, November 21, 1958, pp. 422–23, 579–82.

5. Citing with approval at 373 U.S. 1, 16, 83 S.Ct. 1068, United States v. Jones, 194 F.Supp. 421, 422 (D.Kan.1961) (dictum), aff'd mem., 297 F.2d 835 (10 Cir. 1962).

cause of his alleged mental condition,[6] the testimony of the two accomplices, without more, would not have been sufficient to convict under New York law. New York Code Crim.Proc. § 399.

■ A conviction based upon uncorroborated accomplice testimony, however, violates no federally protected right. See Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L. Ed. 442 (1917); United States v. Agueci, 310 F.2d 817, 833 (2 Cir. 1962). Consequently, the hearing before Judge Cashin did not encompass the issue of Townsend's alleged insanity. But when, as here, it is alleged not only that accomplice testimony was corroborated solely by the testimony of an insane witness, but that the prosecution *knew* that the witness was insane, the allegation of misconduct on the part of the prosecution may very well raise a federal constitutional objection. See Powell v. Wiman, 287 F.2d 275, 278–279 (5 Cir. 1961), on appeal from remand, 293 F. 2d 605 (1961) (knowing use of testimony of insane witness); cf. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2d 215 (1963) (suppression of material evidence favorable to accused); Napue v. People of State of Illinois, 360 U.S. 264, 269–270, 79 S.Ct. 1173, 3 L. Ed.2d 1217 (1959) (failure to correct perjured testimony after discovering its falsity); Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935) (knowing use of perjured testimony); compare Mesarosh v. United States, 352 U.S. 1, 9, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956) (whether false testimony of witness constituted perjury or was caused by a psychiatric condition, the conviction is tainted and a new trial should be granted).

■ Although petitioner has reformulated the issue of Townsend's insanity

in language that may be sufficient to invoke the habeas corpus jurisdiction of this Court, I conclude that on the present state of the record, petitioner is not entitled to an evidentiary hearing. Sanders v. United States and Townsend v. Sain have expanded the area in which evidentiary hearings should be held, but the Supreme Court has continued to recognize that where, as here, the petitioner has failed to particularize by the allegation of relevant facts his claim of constitutional infirmity, the court may either dismiss the application without a hearing or direct petitioner to amend his pleading. Sanders v. United States, supra 373 U.S. at 19, 83 S.Ct. 1068. This has been the practice followed in this Circuit. United States ex rel. Homchak v. People of State of New York, 323 F. 2d 449 (2 Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); United States ex rel. Vaughn v. LaVallee, 318 F.2d 499 (2 Cir. 1963); see United States ex rel. McGrath v. La-Vallee, 319 F.2d 308, 311–312, 315 (2 Cir. 1963). The only specific statement of fact alleged in petitioner's application to support his claim that the district attorney at his trial had knowledge of Townsend's insanity is that the district attorney and Townsend "lived within a few miles of each other during most of their lives, prior to said trial, in a sparsely populated area. * * *" Something more probative than this is necessary to warrant a hearing on a claim of misconduct on the part of the prosecution. See, e. g., Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957); Pyle v. Kansas, 317 U.S. 213, 214–215, 63 S.Ct. 177, 87 L.Ed. 214 (1942); Price v. Johnston, 161 F.2d 705, 706 (9 Cir. 1947), rev'd without deciding whether expanded allegation was sufficient, 334 U.S. 266, 286–287, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948); cf. United

---

6. The insanity of a witness does not necessarily make him incompetent to testify, District of Columbia v. Armes, 107 U. S. 519, 521–522, 2 S.Ct. 840, 27 L.Ed. 618 (1883); Barker v. Washburn, 200 N.Y. 280, 93 N.E. 958, 34 L.R.A.,N.S., 159 (1911); Aguilar v. State, 279 App.Div.

103, 108 N.Y.S.2d 456 (3d Dep't 1951); McCormick, Evidence § 62 (1957). But, in any event, his mental condition affects the weight and credibility of his testimony, see Powell v. Wiman, 287 F.2d 275, 278–279 (5 Cir. 1961), and thus may be a crucial issue.

States ex rel. McGrath v. LaVallee, supra.

While the federal district courts have a paramount responsibility for affording a fair opportunity for collateral relief where infringement of constitutional rights is alleged, they must at the same time take into account the practical demands of overcrowded dockets. Holding evidentiary hearings in cases where no substantial reason has been advanced for holding one interferes with the effective disposition of meritorious applications and may result in unnecessary friction with the state administration of criminal justice. See Townsend v. Sain, 372 U.S. 293, 319, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. McGrath v. LaVallee, supra 319 F.2d at 318 (Friendly, J., concurring); Reviser's Note to 28 U.S.C. § 2244.

Even assuming that petitioner has alleged sufficiently particularized and probative facts to support his contention, the question would remain whether, in view of the hearing before Judge Cashin on the alleged misconduct of the prosecution in knowingly using perjured testimony and suppressing favorable evidence, the contention in the instant petition, charging misconduct in knowingly using the testimony of an insane witness, is really a "different" ground,[7] and if it is, whether the instant application is an "abuse" of the writ, see Sanders v. United States, supra 373 U. S. at 17–19, 83 S.Ct. 1068; Price v. Johnston, 334 U.S. 266, 286–294, 68 S. Ct. 1049 (1948). However, in view of the deficiency of the pleading of the petitioner before this Court, it is unnecessary to pass upon these problematical issues at this point. The denial of a hearing as to contention 3 is without prejudice to renewal by the filing of an amended petition.

Contention 4 of the instant petition, which alleges that petitioner's trial counsel conspired with the district attorney to conceal Townsend's insanity, is essentially a specific allegation of misconduct on the part of trial counsel, which, as indicated in the discussion of contention 2, supra, was thoroughly explored in the hearing before Judge Cashin. In the exercise of my discretion, I conclude that, as to contention 4, no hearing is required and the application for a writ is denied.

Contention 5 alleges that petitioner was unable to confer privately with trial counsel during the trial because of the proximity of the counsel table to the jury box. Petitioner alleges specifically that the counsel table was "two feet away from and facing said trial jury * * * [enabling] some of said trial jury to overhear said defense conferences. * * *" Assuming arguendo the truth of these allegations, contention 5 does not present a substantial federal question. This is not a situation in which there is alleged an intentional intrusion by the prosecution upon a client-lawyer conference, either by forcing defense counsel or an associate to divulge what he has learned or by using a concealed recording device or an informer. Compare United States v. Lebron, 222 F.2d 531, 534–535 (2 Cir.), cert. denied, 350 U.S. 876, 76 S. Ct. 121, 100 L.Ed. 774 (1955); Coplon v. United States, 89 U.S.App.D.C. 103, 191 F.2d 749, 757–760 (1951), cert. denied, 342 U.S. 926, 72 S.Ct. 363, 96 L. Ed. 690 (1952). In the courtroom, both client and attorney are conscious of the presence of the jury and necessarily must know from the location of the jury box whether or not their conversations will be overheard. Cf. United States ex rel. Cooper v. Denno, 221 F.2d 626, 629 (2 Cir.), cert. denied, 349 U.S. 968, 75 S. Ct. 906, 99 L.Ed. 1289 (1955). The necessity for conferring at the counsel table in a low voice may have been an inconvenience, but it did not infringe any federal constitutional right.

Petitioner's contention 6 is that he was deprived of his right to appeal from the conviction in 1948, because he could

---

**7.** See test accompanying note 5 supra.

not afford, and was not furnished with, a stenographic transcript of the trial minutes. This raises on its face a substantial federal question not presented in petitioner's earlier application before Judge Cashin.

 Decisions of the Supreme Court have established that a state having an appellate system in criminal cases is constitutionally required to provide means of affording adequate and effective review to indigent defendants by according to them substantially the same opportunities to secure an effective appeal as nonindigents. Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961); Eskridge v. Washington Prison Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). New York has recognized this constitutional obligation and provides for the filing, free of charge, of two copies of the stenographic minutes of the trial in the office of the clerk of the court in which the conviction was had shortly after a defendant files his notice of appeal. New York Code of Criminal Procedure, § 456;[8] see Griffin v. People of State of Illinois, supra 351 U.S. at 19 & n. 15, 76 S.Ct. 585. If a defendant is represented by counsel on appeal who has access to the trial transcript on file in the clerk's office, there is no constitutional requirement that the defendant be provided with physical custody of a copy of the transcript. United States ex rel. Garcia v. Martin, 271 F. 2d 298 (2 Cir. 1959), since he is afforded a reasonable opportunity to point out on appeal the errors allegedly committed at the trial. However, the New York Court of Appeals has held that when a defendant unable to pay for a copy of the trial transcript is without counsel on appeal and, because of his incarceration, does not have access to the copy of the minutes on file in the County Clerk's office, the defendant is deprived of effective use of the right to appeal in violation of both his state and federal constitutional rights.[9] People v. McCallum, 8 N.Y.2d 155, 203 N.Y. S.2d 66, 168 N.E.2d 514, motion to amend remittitur denied, 8 N.Y.2d 1058, 207 N.Y.S.2d 271, 170 N.E.2d 406 (1960); People v. Pitts, 6 N.Y.2d 288, 189 N.Y.S. 2d 650, 160 N.E.2d 523 (1959).

 From the papers submitted, it appears that in addition to the 1962 coram nobis petition, petitioner filed in 1964 still another application for a writ of error coram nobis (hereinafter referred to as the "1964 coram nobis petition") and presently has an appeal pending in the New York Supreme Court, Appellate Division, Second Department from a denial of that application. The 1964 coram nobis petition raises issues including, but not limited to, contention 6 and other issues raised on this application. Petitioner's time to perfect the appeal from the 1964 coram nobis petition has been enlarged to the October term. Under these circumstances, I conclude that it would be improvident to determine the merits of petitioner's contention 6, since it may be rendered

---

8. Under § 302 of the New York Judiciary Law, the district attorney, the attorney-general, and the trial judge are permitted to obtain a copy of the stenographic trial minutes at county expense, but a defendant must pay the fee himself before he will be furnished with a copy. A 1962 amendment to § 456 of the New York Code of Criminal Procedure, however, authorizes the trial judge or any appellate court or judge to order a transcript to be furnished without charge to a defendant or his counsel.

9. It is not clear from petitioner's papers whether he had counsel at the time he attempted to prosecute his appeal from the conviction or whether he ever requested that counsel be assigned on appeal. It appears from the transcript of the hearing before Judge Cashin, however, that petitioner was not represented by counsel after preparation of the notice of appeal. Transcript of Hearing before Judge Cashin, September 18, 1958, pp. 415–16.

moot by resolution of that pending appeal. United States ex rel. Marchese v. Murphy, 2 Cir., February 14, 1964 (granting respondent's motion to dismiss the appeal "because of the pendency of state proceedings for post-conviction relief"); United States ex rel. McCrea v. LaVallee, 2 Cir., October 29, 1963 (same) (alternative ground). Apparently appreciating the effect that the pending appeal in the New York state courts might have on his application to this Court, petitioner has filed a supplemental affidavit, which is, in effect, a petition to remove that appeal to this Court apparently pursuant to 28 U.S.C. § 1443. However, it is quite clear that, under the circumstances of this case, petitioner's reliance on the removal statute is misplaced. See Hull v. Jackson County Circuit Court, 138 F.2d 820 (6 Cir. 1943); 28 U.S.C. § 1446(c); cf. Lowe v. Williams, 94 U.S. [4 Otto] 650, 24 L.Ed. 216 (1876); see also Van Newkirk v. District Attorney, Richmond County, N. Y., 213 F.Supp. 61 (E.D.N.Y. 1963).

Accordingly, as to contention 6, the petition is dismissed without prejudice to its renewal after petitioner's pending appeal in the state courts is completed.[10] Respondent has urged as a further reason for not reaching the merits of contention 6 at this time, that petitioner has failed to exhaust state remedies. Respondent argues that although contention 6 has been presented to the state courts in petitioner's 1962 coram nobis application, the proper remedy where, as here, a notice of appeal from the conviction was filed, but the appeal was dismissed for failure to prosecute,[11] is a motion directly to the Appellate Division to reinstate the appeal, rather than coram nobis. But see People v. Adams, 12 N.Y.2d 417, 240 N.Y.S.2d 155, 190 N.E.2d 529 (1963); People v. Stanley, 12 N.Y.2d 250, 238 N.Y.S.2d 935, 189 N.E.2d 478 (1963); People v. Marchese, 19 App.Div.2d 728, 242 N.Y.S.2d 464 (2d Dep't 1963). Apparently, the position taken by respondent is that the appellate courts of New York should be afforded the opportunity to reconsider petitioner's contention in light of the recent decisions of the United States Supreme Court and the New York Court of Appeals stemming from Griffin v. People of State of Illinois, see cases cited supra. In view of the disposition of contention 6, however, it is unnecessary to decide this issue.

Accordingly, petitioner's application for a writ of habeas corpus and for removal of pending state proceedings is denied. With respect to contentions 3 and 6, such denial is without prejudice to renewal by a sufficiently pleaded petition (as to contention 3) at a proper time (as to contentions 3 and 6).

So ordered.

10. While it is true that this ground for denial of the writ as to contention 6 is equally applicable to contentions 1 through 5, the Court has deemed it advisable to dispose of the latter on the grounds set forth in this opinion in order to minimize the possibility of future repetitious applications.

11. Respondent's supplementary affidavit, dated June 9, 1964, states that the records of the Supreme Court, Appellate Division, Second Department indicate the following: A notice of appeal was filed on December 23, 1948. On February 7, 1949, a motion to dispense with the printing of papers on appeal was denied. On May 31, 1949, a motion to dismiss the appeal was denied, and the case was set down for the October 1949 term. On September 26, 1949, a motion to set aside the judgment of conviction was denied. On October 24, 1949, a motion to dismiss the appeal was granted.

Petitioner states in his affidavit that he was refused leave to appeal to the New York Court of Appeals on July 11, 1950.

Respondent also states in its supplementary affidavit that it is informed by the District Attorney of Dutchess County that his records indicate that following petitioner's conviction, petitioner moved in Supreme Court, Dutchess County, for leave to appeal in forma pauperis and that the motion was denied, but that there appear to be no papers in the files of the District Attorney indicating the basis for the court's denial. Petitioner states that he also applied to the Appellate Division for leave to appeal in forma pauperis.