UNITED STATES of America ex rel. Clarence PERKINS, Petitioner,

v.

Henry J. NOBLE, Warden, Queens House of Detention for Men, Kew Gardens, New York, Respondent.

No. 68 C 683.

United States District Court
E. D. New York.

Aug. 8, 1968.

Clarence Perkins, pro se.

## MEMORANDUM AND ORDER

JUDD, District Judge.

Petitioner seeks removal of a criminal case pending against him in the Supreme Court of the State of New York, Kings County, pursuant to 28 U.S.C. Sections 1443(1) and 1446. Section 1443(1) provides for removal to the United States District Court of an action pending against a person who is denied or cannot enforce in the state courts a right under any law providing for the equal civil rights of citizens of the United States.

Petitioner claims that his arrest was illegal; that there was lack of proper warning of his rights before custodial interrogation; that his identification was improperly conducted; and that he is the victim of a conspiracy by the police and the District Attorney to charge him wrongfully with the crime of robbery. He contends that he cannot enforce his constitutional rights in the state courts.

Since the petitioner has not yet been brought to trial, his contention that he cannot enforce his rights in the state courts is based upon conjecture and is not sufficiently supported in his moving papers. To justify removal of a criminal proceeding, the denial of civil rights must be "manifest in the formal expression of state law"; it is not even sufficient to allege that a statute, fair on its face, is being administered in an unlawful manner. Chestnut v. People of the State of New York, 370 F.2d 1, 5 (2 Cir. 1966). Moreover, it is clear that removal under Section 1443 requires discrimination based upon race. Since the rights claimed by the petitioner are of general application to all persons or citizens, he cannot succeed in this petition. State of Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925; City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 827–828, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

It does not appear that petitioner has notified the adverse parties of the filing of his petition pursuant to 28 U.S.C. Section 1446(e). No motion has yet been made to remand this action to the state court. Nevertheless, 28 U.S.C. Section 1447(c) permits the district court to remand an action at any time before final judgment, if it appears that the case was removed improvidently and without jurisdiction. This court has denied a petition for a removal, without a motion for remand, where the facts did not bring the case within the coverage

of Section 1443. (Van Newkirk v. District Attorney, Richmond County, N. Y., 213 F.Supp. 61 (E.D.N.Y.1963); see also Rand v. State of Arkansas, 191 F. Supp. 20, 24 (W.D.Ark.1961)).

This action is therefore remanded to the Supreme Court of the State of New York, Kings County.

So ordered.