**Harlan G. SMITH, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 72–2911.
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1973.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Raymond R. Epps, Houston, Tex. (Court-appointed), for petitioner-appellant.

Crawford Martin, Atty. Gen., Robert Darden, Austin, Tex., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Harlan G. Smith appeals from the district court's decision denying his petition for a writ of habeas corpus. The district court held that the petitioner was not entitled to a free copy of his state trial transcript for use in his post conviction state habeas corpus proceeding. We affirm.

In 1965 Smith was convicted in state court for murder and sentenced to life imprisonment. The state appellate court affirmed his conviction. Smith v. State, Tex.Cr.App.1965, 397 S.W.2d 70. In February 1971, Smith applied for a writ of habeas corpus in state court. He alleged that he was denied effective assistance of counsel at his trial, an issue not raised in his original criminal appeal, and requested a copy of his state trial transcript. After the state court denied relief, Smith applied for a writ of habeas corpus in the federal district court and again requested that he be provided with a trial transcript for use in pursuing his post conviction remedies in the state courts. After a hearing, the district court denied relief. Smith appealed.

The petitioner contends that the state's refusal to provide a copy of a trial transcript to an indigent criminal defendant violates the equal protection clause of the fourteenth amendment. Griffin v. Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. The district court found, however, that the petitioner was provided with a free trial transcript for his original appeal in the state appellate court; that the petitioner's attorney had access to the trial transcript on file in the state district clerk's office; and that the petitioner did not need a transcript in order to establish his contention that he was denied effective counsel at his state trial. As the court held in United States v. Fay, S.D.N.Y. 1964, 230 F.Supp. 942, 948, "If a defendant is represented by counsel on appeal who has access to the trial transcript on file in the clerk's office, there is no constitutional requirement that the defendant be provided with physical custody of a copy of the transcript." Furthermore, the petitioner has not shown that the district court erred in holding that he had not demonstrated a need for the trial transcript in proving a denial of effective counsel.

We therefore conclude that the decision of the district court must be affirmed.