772 F.2d 907
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES R. KIMSEY, PLAINTIFF-APPELLANT,
v.
FELIX J. GORA; H.K. RUSSELL; RITA KOONTZ; MR. HUSSMAN;
LIBRARIAN, DEFENDANTS-APPELLEES.
 NO. 85-3244
 United States Court of Appeals, Sixth Circuit.
 8/1/85
 
 S.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: KENNEDY, JONES and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon the appellant's motion for counsel. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, the motion, and appellant's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 James R. Kimsey is appealing the dismissal of his 42 U.S.C. Sec. 1983 action. He is contending his right of access to the courts has been violated. The district court dismissed the case on the basis of the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).
 
 
 3
 The appellant is serving a thirteen to twenty-five year sentence in an Ohio prison for involuntary manslaughter. He had pled no contest to the charge. Kimsey took a direct appeal to the Ohio Second District Court of Appeals where he was represented by counsel and had a brief filed on his behalf. While the appeal was pending, Kimsey expressed his desire to file a supplemental brief and requested a transcript of the state trial court proceedings. The Ohio appellate court, through state court administrator Gora, sent the only transcript of the case to the appellant with the provision that the transcript be returned and brief filed on October 29, 1984. Appellee Russell, superintendent of the prison, returned the transcript to the court on October 19, 1984. Russell noted that the appellant had viewed the transcript on September 28, 1984 and October 18, 1984. Kimsey claims that his right of access to the courts has been violated because the transcript was sent back to the appellate court prematurely. He requested that the defendants be enjoined against violating state court orders in the future. He also wanted compensation and punitive damages awarded to stop the disregard of court orders. Finally, he asked for a copy of the transcript.
 
 
 4
 Where a case has been dismissed on the basis of abstention, this Court engages in a de novo review on appeal. Traughber v. Beauchane, 760 F.2d 673 (6th Cir. 1985). It is clear that absent extraordinary circumstances, a federal court should not enjoin a pending state criminal proceeding. Younger v. Harris, supra. A review of cases applying the abstention doctrine reveals that the primary object of the litigant's federal suit in these cases is to enjoin a state prosecution or to affect pending state criminal prosecutions. Younger v. Harris, supra; J.P. v. DeSanti, 653 F.2d 1080 (6th Cir. 1981); Parker v. Turner, 626 F.2d 1 (6th Cir. 1980).
 
 
 5
 In this case, Kimsey is simply seeking damages for an alleged violation of his right of access to the courts. Kimsey argues this right was denied when the defendants violated a state court order by prematurely taking the transcript. He is neither trying to enjoin a present state proceeding against him nor seeking relief that would affect pending state criminal prosecutions. To the contrary, Kimsey is seeking, through his request for injunctive relief, to insure compliance with future state court orders. Since he is not requesting injunctive relief in the manner proscribed by Younger, supra, the abstention doctrine does not apply.
 
 
 6
 In the review of judicial proceedings, the rule is settled that if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason. Brown v. Allen, 344 U.S. 443, 499 (1953). A 42 U.S.C. Sec. 1983 action must be predicated on a deprivation of constitutional rights. Bird v. Summit County, Ohio, 730 F.2d 442 (6th Cir. 1984). The duty of the state, in the context of this case, is to insure the appellant an adequate opportunity to present his claim fairly in the context of the state appellate process. Ross v. Moffitt, 417 U.S. 600, 616 (1973); See United States v. MacCollom, 426 U.S. 317 (1978). Where a state defendant is represented by counsel on appeal, who has access to the trial transcript, there is no constitutional requirement that the defendant be provided with a copy of the transcript. Hooks v. Roberts, 480 F.2d 1196 (5th Cir.), cert. denied, 414 U.S. 1163 (1974); Smith v. Beto, 472 F.2d 164 (5th Cir. 1973); United States v. Fay, 230 F.Supp. 942 (S.D. N.Y. 1964); See Chamberlain v. Erikson, 744 F.2d 628 (8th Cir. 1984). The appellant had counsel who had access to the transcript. Consequently, he has not stated a claim of constitutional dimension.
 
 
 7
 Accordingly, it is ORDERED that the appellant's motion for counsel is denied and the district court judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.