UNITED STATES ex rel. Ronald Grant FULLER and Donald Edward Voigt, Petitioners,

v.

Honorable John L. COFFEY and Circuit Court of Milwaukee County and State of Wisconsin, Respondents.

No. 69–CR–18.

United States District Court
E. D. Wisconsin.

April 24, 1969.

Alyce Tallman Neff, Milwaukee, Wis., for petitioners.

## OPINION AND ORDER

REYNOLDS, District Judge.

The background of the present action commenced on December 9, 1968, when counsel for the petitioners filed Civil Action No. 68–C–379 (United States ex rel. Ronald Grant Fuller and Donald Edward Voigt v. Honorable John L. Coffey and the Circuit Court of Milwaukee County). On that occasion petitioners' counsel filed a document entitled "Petition for Writ of Prohibition." This document alleged that the above-named respondents had denied and were denying petitioners' civil and constitutional rights and asked for relief in the form of (1) a prohibition against further proceedings in the case of "State of Wisconsin v. Ronald Grant Fuller and Donald Edward Voigt," a case then pending before the Honorable John L. Coffey of the Circuit Court of Milwaukee County, and (2) damages in the amount of two hundred thousand dollars. Counsel was without the necessary service fees so a civil summons was not issued.

On February 14, 1969, counsel for petitioners recaptioned the aforementioned document as a "Petition for Writ of Removal." In all other respects the document was left unchanged. Service of the altered document and notice of the filing thereof was completed on February 17, 1969.

The matter was first referred to me on the morning of February 17, 1969. A jury trial in the state proceedings had been scheduled to commence that morning but was temporarily stayed by the State Circuit Court upon its receipt of service of the aforementioned documents, since by the terms of 28 U.S.C. § 1446(c), proceedings are automatically stayed by service of the petition for removal pursuant to 28 U.S.C. § 1443(1) and notice of the filing thereof. The matter was subsequently scheduled for a hearing on the issue of this court's jurisdiction, and briefs were requested.

On February 27, 1969, after hearing on the issue of this court's jurisdiction over the matter, respondents moved for an order remanding the proceedings to the Circuit Court of Milwaukee County on the ground that petitioners had failed to allege grounds sufficient to confer jurisdiction on this court pursuant to 28 U.S.C. § 1443(1). In response, petition-

ers' counsel requested leave to file an amended petition.

I proceeded to indicate to counsel that in my opinion, on the basis of the decisions of the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1960), and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), the petition as filed fails to allege grounds that would justify this court in continuing to grant the extraordinary relief sought by petitioners, i. e. further stay of the Circuit Court proceedings. I also indicated that if petitioners' counsel could orally state any grounds which would justify this court in continuing to grant extraordinary relief, I would grant the request for leave to amend the petition. Counsel for petitioners was unable to set forth any additional grounds entitling petitioners to further relief, and therefore I granted the respondents' motion to remand. My reasons therefor are more fully stated in my supplemental order signed on March 3, 1969, in Case No. 68–C–379.

Both at the hearing on February 27, 1969, and in the supplemental order, I made it clear to counsel that the order remanding the action terminated Case No. 68–C–379, and that any further petitions filed on behalf of petitioners would be treated as separate actions. Nevertheless, on February 28, 1969, counsel for petitioners filed a document entitled "Amended Petition for Removal." In light of my earlier rulings on amendment of the original petition, I instructed the clerk to treat said document as a new action (Case No. 69–CR–18).

This second petition is in substance but a recital of the allegations contained in Case No. 68–C–379. In short, petitioners contend that jurisdiction of this court is founded on 28 U.S.C. § 1443(1) and 42 U.S.C. § 1981.

Petitioners assert that their rights under the United States Constitution are being denied by a particular judge in the Circuit Court of Milwaukee County and by the sheriff and his agents acting under the orders of this judge. They contend that their trial has been postponed over their objection, that they have not been able to see their attorney as frequently or for as long as they wish, and that the judge has demonstrated personal antipathy for their attorney. They further allege that § 956.03, Wis.Stats. (which allows only one change of venue as of right), makes them unable to remove themselves from the jurisdiction of this particular judge for trial and thereby deprives them of their right to a fair trial.

■ As this court understands 28 U.S.C. § 1443(1) and the cases decided thereunder, petitioners seeking removal of a state criminal prosecution to the federal courts must allege the following facts to establish the jurisdiction of the federal court: (1) There must be a federal or state statute protecting their equal civil rights, (2) there must be a formal expression of state law (either statute or policy so established as to be equivalent to a statute) which denies the equal civil right protected by federal or state statute, and (3) the denial of the equal civil right, pursuant to the formal expression of state law, must be racially motivated. Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

Even assuming arguendo that the allegations in the petition are otherwise sufficient, there is nothing in the petition from which this court could possibly infer that petitioners are the victims of racially motivated discrimination. The petitioners are not members of any racial minority group. The petitioners do not allege any racial association or activities which could possibly suggest that, although they are Caucasians, the discrimination nonetheless evolves from a racially motivated basis or policy.

■ Consequently, it appears that petitioners have totally failed to allege facts upon which the jurisdiction of this court could be predicated. The court will, therefore, on its own motion,

pursuant to 28 U.S.C. § 1447(c), remand this action to the Circuit Court of Milwaukee County. This procedure has been employed previously in United States ex rel. Perkins v. Noble, 287 F.Supp. 365 (E.D.N.Y.1968), where, as here, the petition is blatantly insufficient on its face to establish the jurisdiction of the federal court.

IT IS THEREFORE ORDERED that the petition of Ronald Grant Fuller and Donald Edward Voigt for removal of the criminal prosecutions pending against them in the State of Wisconsin, on motion of the court, shall be and it hereby is dismissed, and said prosecutions referred to in said petition shall be and they hereby are remanded to the Circuit Court of Milwaukee County, State of Wisconsin.