The **PEOPLE OF the STATE OF NEW YORK, Plaintiffs,**

v.

**Harold KONIGSBERG, Defendant.**

**No. 69 Civ. 2088.**

United States District Court
S. D. New York.

June 30, 1969.

Frank S. Hogan, Dist. Atty., New York County, for plaintiffs; Roy R. Kulcsar, New York City, of counsel.

Frank A. Lopez, Brooklyn, N. Y., for defendant.

TENNEY, District Judge.

As a result of certain incidents occurring during the course of a trial in the New York State Supreme Court, New York County, wherein petitioner was

named in an indictment charging him with four counts of extortion and one count of conspiracy,[1] a twelve-count information was filed in the Criminal Court of the City of New York on April 7, 1967, charging petitioner with various acts of criminal contempt in violation of Section 600(1) of the former New York State Penal Law, McKinney's Consol. Laws, c. 40.[2]

On September 18, 1968, petitioner moved in the Criminal Court of the City of New York for a speedy trial or, in the alternative, dismissal of the information. This motion was denied on October 18, 1968 and the case ordered marked off the calendar. Thereafter, petitioner, pursuant to Article 78 of the New York Civil Practice Law and Rules, sought an order in the Special Term of the New York Supreme Court directing the judges of the Criminal Court of the City of New York to restore the contempt information to the calendar. The application was denied on January 3, 1969.

Petitioner moves herein,[3] pursuant to 28 U.S.C. § 1443(1), for an order removing to this court the criminal contempt proceeding now pending before the Criminal Court. In turn, the State, pursuant to 28 U.S.C. § 1447(c), moves for an order remanding this case to that Court.

Title 28, United States Code, Section 1443, provides:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; * * *."

This Section entitles a defendant to remove a state court prosecution to the federal court only if the right upon which he relies is a "right under any law providing for * * * equal civil rights", and he is "denied or cannot enforce" that right in the state courts. While the right to a speedy trial guaranteed an accused by the Sixth Amendment to the Constitution is undoubtedly comprehended in the concept of "civil rights", the reference in Section 1443(1) is to "equal civil rights". The Supreme Court has concluded in City of Greenwood v. Peacock, 384 U.S. 808, 825, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), that that phrase does not include all of the broad constitutional guarantees of the Bill of Rights. And, in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), the Court held that the guarantees of the First Amendment and the Due Process Clause of the Fourteenth Amendment, which are phrased in terms of general application available to all persons or citizens, are not contemplated by the phrase "any law providing for * * * equal civil rights". On the basis of the historical material available, the Court concluded that this phrase must be construed to mean "any law providing for specific civil rights stated in terms of racial equality." Georgia v. Rachel, *supra* at 792, 86 S.Ct. at 1790; Chestnut v. New York, 370 F.2d 1, 3 (2d Cir. 1966), cert. denied, 386 U.S. 1009, 87 S.Ct. 1355, 18 L.Ed. 2d 439 (1967).

In view of the fact that the civil right to a speedy trial relied upon by petitioner as the basis for removal of the criminal contempt proceedings is not couched in terms of equality, but rather

---

1. Indictment No. 4725/63.

2. Docket No. B–3615/67.

3. On August 9, 1968, petitioner sought removal of the criminal contempt action before the Honorable Sylvester J. Ryan of this court. This motion was denied on October 11, 1968, and the case remanded to the Criminal Court of the City of New York. The State of New York v. Konigsberg, 68 Civ. 3414 (S.D.N.Y., filed Oct. 11, 1968).

is of general application available to all persons, he cannot succeed in this petition. United States ex rel. Perkins v. Noble, 287 F.Supp. 365, 366 (E.D.N.Y. 1968).

The vindication of the petitioner's federal rights must be left to the state courts wherein a motion may be made before the trial court for dismissal of the information for failure to proceed in consonance with the Sixth Amendment's guarantee of a speedy trial.

Accordingly, and for the reasons set forth herein, petitioner's motion for removal is denied and this proceeding is remanded to the Criminal Court of the City of New York, New York County.

So ordered.