**STATE OF MISSISSIPPI,**
**Plaintiff-Appellee,**

v.

**Will B. McCOLLUM,**
**Defendant-Appellant.**

No. 75–1036
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 27, 1975.

Samuel H. Wilkins, Jackson, Miss., for defendant-appellant.

A. F. Summer, Atty. Gen., Edward J. Peters, Dist. Atty., Thomas R. Mayfield, Asst. Dist. Atty., Jackson, Miss., for plaintiff-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Charged with armed robbery in state court, Will B. McCollum filed a petition for removal of his criminal prosecution to the United States District Court for the Southern District of Mississippi, proceeding under 28 U.S.C.A. § 1443 and alleging in effect that he was being denied a speedy trial.

28 U.S.C.A. § 1443 provides as follows:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citi-

* Rule 18, 5th Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

zens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

■ We affirm the district court's decision to remand the case to the Mississippi state court on the ground that the removal statute applies only to cases where civil rights are denied for racial reasons, and not to an alleged deprival of the right to a speedy trial. In this case, the petitioner is white and alleges no racial motive in connection with the state's actions.

In Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), the United States Supreme Court said:

On the basis of the historical material that is available, we conclude that the phrase "any law providing for . . . equal civil rights" must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands.

384 U.S. at 792, 86 S.Ct. at 1790.

■ It is thus apparent that the right to a speedy trial, not being a specific civil right couched in terms of equality but rather a broad constitutional guarantee of general application, cannot serve as the basis for removal under 28 U.S. C.A. § 1443. Naugle v. Oklahoma, 429 F.2d 1268 (10th Cir. 1970); New York v.

Konigsberg, 305 F.Supp. 1201 (S.D.N.Y.), aff'd, 418 F.2d 500 (2d Cir. 1969), cert. denied, 397 U.S. 964, 90 S.Ct. 998, 25 L.Ed.2d 256 (1970).

Affirmed.