805 F.2d 1035
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David MACK, Petitioner-Appellant,
v.
L. Brooks PATTERSON, Respondent-Appellee.
 No. 85-2007.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1986.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of appellant's motion for appointment of counsel on appeal from the district court's order dismissing the petition for removal pursuant to 28 U.S.C. Sec. 1443. The case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On or about July 12, 1985, appellant filed a petition to remove a state criminal prosecution against him to the federal district court pursuant to 28 U.S.C. Sec. 1443. The petition was dismissed by the district court pursuant to 28 U.S.C. Sec. 1915(d) on November 27, 1985. Appellant filed notice of appeal from the order of dismissal on December 16, 1985.
 
 
 3
 The petition for removal alleged two grounds for removal of the state prosecution to the district court: denial of appellant's right to a speedy trial and denial of appellant's right to counsel and a hearing during the process of his extradition from Wyoming to Michigan to face the prosecution in question. A well-grounded petition for removal must allege that appellant has specific federally protected civil rights in terms of racial equality and that those rights will necessarily be violated by a state prosecution due to a manifest provision of state law or some equivalent basis. Johnson v. Mississippi, 421 U.S. 213, 219 (1975). The right to a speedy trial is not a specific civil right which is protected in terms of racial equality and cannot serve as the basis for removal pursuant to 28 U.S.C. Sec. 1443. State of Mississippi v. McCollum, 513 F.2d 285 (5th Cir.1975) (per curiam). Appellant does not allege that he was deprived of a speedy trial due to racial discrimination, and the petition for removal cannot succeed on this ground.
 
 
 4
 Appellant next alleges that he was denied counsel and a hearing during his extradition from Wyoming to Michigan due to racial discrimination. Once appellant was brought within the custody of Michigan, the extradition process was no longer the proper subject of legal attack. Siegel v. Edwards, 566 F.2d 958, 960 (5th Cir.1978) (per curiam). The alleged use of illegal means to extradite appellant from Wyoming does not taint Michigan's authority to prosecute appellant. Frisbie v. Collins, 342 U.S. 519 (1952); Brown v. Nutsch, 619 F.2d 758 (8th Cir.1980). Appellant does not allege that his rights have been or will be violated by the Michigan prosecution with respect to federally protected rights in terms of racial equality, and his petition for removal cannot succeed on this ground. Therefore, no ground for removal of the state prosecution of appellant to federal court has been shown.
 
 
 5
 It appears that the questions on which this cause depends are so unsubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for appointment of counsel be denied and the order of the district court dismissing appellant's petition for removal be affirmed.