**In re Roy L. KLOBER.**

**CROCKETT & BROWN, P.A., Plaintiff,**

**v.**

**Roy Lynn KLOBER and Patricia Gail Klober, Defendants.**

**Bankruptcy No. 91–40437 S.
Adv. No. 91–4209.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

April 15, 1992.

See also 143 B.R. 702.

Richard Crockett, Little Rock, Ark., for plaintiff.

Jack Sims, Little Rock, Ark., for debtor/defendants.

Richard Cox, Hot Springs, Ark., U.S. Trustee.

## ORDER GRANTING IN PART MOTION TO DISMISS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a motion filed by the debtor entitled "Amended Motion to Dismiss First Amended and Restated Complaint." The plaintiff has responded to the motion.

This adversary proceeding was initiated by the removal of a cause pending in the Chancery Court of Saline County, Arkansas on November 7, 1991, by the defendant Roy Lynn Klober. The Notice of Removal was accompanied only by the amended complaint. The amended complaint states three counts, foreclosure of attorney's lien, fraud, and fraudulent conveyance, and requests relief against the defendant Patricia Gail Klober. Patricia Gail Klober filed an answer to the amended complaint on December 2, 1991.

On March 19, 1992, the defendant debtor Roy Lynn Klober filed the "Amended Motion to Dismiss First Amended and Restated Complaint." The motion incorporates by reference an argument made in a previous motion to dismiss relating to the automatic stay. However, the previous motion to dismiss was not submitted with the notice of removal and is thus not in the Court file. There is only a summary articulation of the argument with regard to this issue. As additional grounds, the debtor argues that (1) no cause of action exists because no relief against Roy Klober has been requested; (2) the pleadings regard-

ing fraud are not pleaded with sufficient particularity as required by Rule 9, Federal Rules of Civil Procedure;[1] and (3) that the amended complaint relies upon exhibits which are not appended to the amended complaint.

The plaintiff responded to the motion to dismiss on March 30, 1992, pursuant to Court Order, arguing that the debtor is not a necessary party to the amendment. The Court understands by this statement, that the plaintiff asserts that the debtor is still a defendant by virtue of the allegations and request for relief stated in the original complaint.[2] Secondly, the plaintiff asserts that the amended complaint alleges fraud with sufficient particularity.

In deciding a Motion to Dismiss, the Court must take all of the allegations of the complaint as true. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A cause should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1957). Dismissal is proper when a complaint clearly shows a plaintiff cannot recover under any circumstances. *Bramlet v. Wilson,* 495 F.2d 714 (8th Cir.1974).

### 1. *The Fraud Pleadings*

Rule 9(b), Federal Rules of Civil Procedure, requires that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Roy Klober asserts that the complaint fails to state facts with sufficient particularity such that the complaint must be dismissed.

The complaint alleges the following: Klober made representations to Crockett & Brown upon which it relied, that those representations were false, and Klober knew them to be false. The complaint alleges the specific statement which is alleged to

---

1. Rule 9, Federal Rules of Civil Procedure, is made applicable to this proceeding by Rule 7009, Federal Rules of Bankruptcy Procedure.

2. The Court is unable to determine whether relief was requested against Roy Klober in the initial complaint; that document was not submitted to the Court as required by Rule 9027.

be fraudulent. Accordingly, the complaint contains sufficient facts to give the defendant fair notice of the specific misconduct and to formulate his defense. *See Greenwod v. Dittmer,* 776 F.2d 785 (8th Cir. 1985). The Court finds that the plaintiff has pleaded fraud with sufficient particularity to withstand a motion to dismiss.

### 2. The Failure to Append Exhibits to the Complaint

■ Roy Klober asserts as grounds for dismissal the failure of the plaintiff to append particular documents to the amended complaint. The exhibits were apparently appended to the original complaint and incorporated by reference in the amended complaint. The debtor asserts that since the original complaint was not filed in the Bankruptcy Court's file upon removal, the exhibits are not before the Court such that the amended complaint cannot stand.

■ Rule 9027, Federal Rules of Bankruptcy Procedure, places the duty upon the removing party to submit to the Court "a copy of all process and pleadings." The defendant Roy Klober was the removing party in this action. Thus it is Klober's duty to submit all pleadings to the Court, including the original complaint and any answers thereto. It is not for the removing party to select pleadings upon removal. The rule requires that *all* pleadings be submitted upon removal. It is also incumbent upon the removing party to review the state court file and determine whether other documents should be filed with the court to which the matter is removed. For example, any order disposing of a motion to dismiss would be appropriate for submission to this Court. *See* Rule 9027(e)(2) (court may require filing copies of all records and proceedings relating to the cause).

It was the duty of the defendant Roy Klober to submit to the clerk of the Court the original complaint, with its exhibits. Inasmuch as he has failed to do this, he cannot assert that the want of a pleading requires dismissal.

### 3. Failure to Request Relief Against Roy Klober

■ Roy Klober asserts that no cause of action exists against him because no relief against him has been requested. Plaintiff asserts that no assertions were made in the amended complaint because Klober was in bankruptcy and, "[o]n belief, Klober is not a necessary party to that portion of the amended complaint which is the subject matter of the amendment."

■ When an amended complaint is filed it supersedes any previous complaints. *Clark v. Tarrant County, Texas,* 798 F.2d 736, 740 (5th Cir.1986); *Fritz v. Standard Security Life Insurance Company of New York,* 676 F.2d 1356, 1358 (11th Cir.1982). Accordingly, the amended complaint, including its components (the factual allegations, legal assertions, and request for relief) supersedes the original complaint.

The complaint pending in this action, while naming Roy Klober as a defendant, requests relief only against Patricia Gail Klober. Thus, the defendant Roy Klober is subject to dismissal for failure to state a claim for which relief may be granted. In the interests of judicial economy and under the authority set forth in Rule 15, Federal Rules of Civil Procedure, it is appropriate for plaintiff to amend its complaint to assert any relief against Roy Klober.[3]

### 4. The Automatic Stay in Bankruptcy

■ Roy Klober also asserts that this cause must be dismissed because the amended complaint constitutes a violation of the automatic stay. This argument raises factual matters which are not appropriate for determination on a motion to dismiss. *See Bramlet v. Wilson,* 495 F.2d 714 (8th Cir.1974). If a violation of the stay has occurred, that matter must be brought to the Court's attention and litigated in the appropriate manner.

---

**3.** This matter having been removed to the Bankruptcy Court, the matter may proceed as against the debtor.

ORDERED that the Amended Motion to Dismiss First Amended and Restated Complaint is GRANTED without prejudice. The plaintiff shall file any Second Amended Complaint within ten (10) days of entry of this Order. The defendants shall submit their answers to the second amended complaint within ten (10) days of service of the second amended complaint.

IT IS SO ORDERED.