In re Roy L. **KLOBER**.

C. Richard **CROCKETT** and R.J. Brown, Plaintiffs,

v.

Roy Lynn **KLOBER** and Patricia Gail Klober, Defendants.

Bankruptcy No. 91–40437 S.

Adv. No. 91–4209.

United States Bankruptcy Court, E.D. Arkansas, W.D.

May 5, 1992.

See also 143 B.R. 702.

Richard Crockett, Little Rock, Ark., for plaintiffs.

Jack Sims, Little Rock, Ark., for debtor-defendants.

Richard Cox, Hot Springs, Ark., U.S. Trustee.

## ORDER DENYING MOTION TO SET ASIDE ORDER AND DENYING MOTION TO REMAND

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is a motion filed by the plaintiff Crockett & Brown, P.A. to set aside order and to remand this cause. In addition, the body of the motion requests relief from the automatic stay. The latter request is not properly before the Court and will not be addressed in this Order.

This adversary proceeding was initiated by the removal of a cause pending in the Chancery Court of Saline County, Arkansas on November 7, 1991, by the defendant Roy Lynn Klober. On March 19, 1992, Roy Klober filed an amended motion to dismiss, which the Court granted in part and directed the plaintiff to file its second amended complaint within a time certain. Instead of filing the second amended complaint, the plaintiff filed a motion to set aside order and motion to remand. Plaintiff requests remand for the following reasons: (1) the removal was fatally defective because the defendant failed to provide copies of all pleadings as required by Rule 9027, Federal Rules of Bankruptcy Proce-

dure; and (2) the notice of removal was untimely under Rule 9027(a)(2).[1] While the motion is styled "Motion to Set Aside Order Motion to Remand" plaintiff does not in fact request any particular order be set aside. Assuming plaintiff wishes that the order of April 14, 1992, 142 B.R. 297, granting the motion to dismiss, be set aside, no grounds have been stated pursuant to Rule 9024, Federal Rules of Bankruptcy Procedure. Accordingly, to the extent there is pending a motion to set aside order, that motion is denied.

 It is apparent from the pleadings and motions filed in this adversary proceeding that the debtor failed to submit to the Court all of the pleadings filed in state court. This failure is not fatal to the removal, however. *Princess Louise Corporation v. Pacific Lighting Leasing Co. (In re Princess Louise Corporation)*, 77 B.R. 766, 769 (Bankr.C.D.Cal.1987). The reason for the rule is to place the necessary pleadings before the Court. While it is incumbent upon the debtor to file the pleadings with the clerk of the court, the failure to submit the documents with the notice does not require remand.[2] *See id.*

 Plaintiff asserts that removal of this matter is untimely such that remand is required. Rule 9027 states in pertinent part:

> (2) *Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code.* If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within *the longest* of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Rule 9027(a)(2) (emphasis added). There has been no order terminating the stay relative to the former state court proceeding, now pending as an adversary proceeding in this Court. Since the stay was not lifted, the longer of the periods is that set forth in Rule 9027(a)(2)(B), which period has not even begun to run. Accordingly, the notice of removal, filed before any lift of the stay, is timely.

ORDERED that the "Motion to Set Aside Order Motion to Remand" filed on April 21, 1992, is DENIED.

IT IS SO ORDERED.

---

1. The plaintiffs refer to the "pending" action in state court. Inasmuch as this matter has been removed to this Court, there is no pending state court action.

2. In any event, once the second amended complaint and the answers thereto are filed, the pleadings joining the issues will be before the Court. This does not, however, excuse defendant Roy Klober's failure to comply with the rules of procedure.