**STATE OF ALABAMA**

v.

**William Michael KEMP.**

**No. CV97–H–22–M.**

United States District Court,
N.D. Alabama,
Middle Division.

Jan. 8, 1997.

Order Denying Reconsideration
Jan. 17, 1997.

Jeff Sessions, Office of the Attorney General, Montgomery, AL, for State of Ala.

William Michael Kemp, Gadsden, AL, pro se.

**ORDER REMANDING THIS ACTION TO THE CIRCUIT COURT FOR ETOWAH COUNTY**

HANCOCK, Senior District Judge.

William Michael Kemp, the defendant in an ongoing criminal prosecution in the Circuit Court for Etowah County, filed a notice of removal of his prosecution on January 6, 1997. The pleading indicates that Kemp's criminal prosecution has proceeded through trial to the point of sentencing, and perhaps beyond. Kemp alleges that the state court has violated his rights to Due Process and effective assistance of counsel by refusing to continue his case. Kemp alleges that he attempted to retain counsel—not legal counsel for representation in court, but simply an advisor—but that the retainer he sent his counsel was delayed in arrival because Kemp refused to use a postal ZIP code in addressing the envelope. Kemp takes the position that use of a ZIP code is voluntary, and Kemp refuses to use ZIP codes in any of his correspondence. Kemp also asks this Court to refrain from using ZIP codes in connection with its correspondence, because the ZIP codes, argue Kemp, are simply a scheme to increase postal revenues for the benefit of the holders of bonds secured by future postal service revenues. Kemp also alleges that the state court violated his Fourth Amendment right against unreasonable searches and seizures by admitting into evidence items seized pursuant to a search of Kemp's residence.

Having alleged these Constitutional violations, Kemp seeks removal of his criminal prosecution to this Court, invoking this Court's removal jurisdiction under 28 U.S.C. §§ 1441 and 1443(2). The State of Alabama has not yet responded to Kemp's removal, but this Court has the obligation to examine the removal *sua sponte* to determine if the removal was proper. When a criminal prosecution is removed from state court,

[t]he United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4).

To begin with, this Court has no jurisdiction over Kemp's criminal prosecution by virtue of 28 U.S.C. § 1441. Section 1441 confers removal jurisdiction over *civil actions* only, and cannot support Kemp's attempt at removal.

Kemp's other asserted basis for removal jurisdiction is 28 U.S.C. § 1443(2), which allows certain criminal prosecutions to be removed from state court. The statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court[,] may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

■ Kemp alleges that the state court's violations of his rights under the Fourth, Sixth, and Fourteenth Amendments create the basis for this court's jurisdiction under

§ 1443(2). The Court disagrees. As the Supreme Court held in *City of Greenwood v. Peacock*, 384 U.S. 808, 824, 86 S.Ct. 1800, 1810, 16 L.Ed.2d 944 (1966), "the second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Kemp, in his notice of removal, steadfastly denies that he is, or ever was, a federal officer, employee, or agent. *See* Notice of Removal, ¶ 1(e–f). Thus, his removal cannot be permitted under § 1443(2).

■ Additionally, the Court notes that remand is also appropriate for Kemp's failure to follow the proper procedure for removal specified in · 28 U.S.C. § 1446. Section 1446(a) requires the defendant to attach "a copy of all process, pleadings, and orders served upon such defendant" to the notice of removal. Kemp has failed to do this. Kemp's removal is also obviously untimely under § 1446(c)(1). That subsection requires a criminal defendant to remove the prosecution against him "not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier." Here, Kemp's notice of removal alleges that his prosecution has proceeded through trial and to the sentencing stage, if not further. Kemp's removal is thus barred by the time restraints of § 1446(c)(1).

For all of these reasons, the Court concludes that Kemp's removal of this prosecution from state court was improper and that this Court lacks jurisdiction. Therefore, it is ORDERED that this prosecution is REMANDED to the Circuit Court for Etowah County, Alabama.[1] Although Kemp did not provide a ZIP code as part of his mailing

---

**1.** Had Kemp sought removal under § 1443(1), there would have been two fundamental flaws in the removal. First, § 1443(1) creates jurisdiction in favor of persons denied "equal civil rights of citizens of the United States." Kemp, in his notice of removal, vehemently denies being a citizen of the United States, and so it would appear that he is estopped from asserting rights inuring to the benefit of such citizens under § 1443(1). More importantly, however, the constitutional violations Kemp alleges are insufficient, as a matter of law, to confer jurisdiction under § 1443(1). As the Supreme Court explained in *Johnson v. Mississippi*, 421 U.S. 213,

219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975), "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Thus, the former Fifth Circuit has held that allegations that the accused has been deprived of the rights of free speech or due process are insufficient to allow removal, since those rights are general in applicability and have nothing to do with racial equal-

address, the clerk is DIRECTED to ascertain Kemp's ZIP code and use that code in mailing a copy of this Order to Kemp. In addition, the clerk is DIRECTED to mail a copy of this Order to the Hon. Donald W. Stewart, Circuit Judge, · Etowah County Courthouse, 800 Forrest Avenue, Gadsden, AL 35901, and to the Hon. James E. Hedgspeth, Jr., Etowah County Courthouse, 800 Forrest Avenue, Gadsden, AL 35901.

## ORDER

The Court has received defendant's "Notice of Refusal for Cause of Order Remanding this Action to the Circuit Court for Etowah County." In this notice, defendant makes several assertions, none of which affect the Court's earlier order remanding this case.[1] To the extent that the notice could be viewed as a motion for reconsideration, it is DENIED.

DONE this 17th day of January, 1997.

ity. *See Georgia v. Spencer,* 441 F.2d 397, 398 (5th Cir.1971). Allegations of violations of the Fourth Amendment similarly fail to confer jurisdiction under § 1443(1). *See Varney v. Georgia,* 446 F.2d 1368, 1369 & n. 2 (5th Cir.1971). Finally, the former Fifth Circuit has held that alleged violations of the right to a speedy trial under the Sixth Amendment are insufficient to allow removal. *See Mississippi v. McCollum,* 513 F.2d 285, 286 (5th Cir.1975). Here, Kemp alleges that the state court has violated his rights to Due Process and effective assistance of counsel, as guaranteed under the Sixth and Fourteenth Amendments. Kemp also alleges that his Fourth Amendment rights have been ignored by the state court. All of these civil rights, important as they are, are rights of "general application," and have nothing to do with racial equality. Because Kemp's notice of removal fails to allege the deprivation of racially "equal" civil rights, any removal under § 1443(1) would have been improper.

As noted above, Kemp's pleading expressly states that the relief he seeks is removal of the prosecution against him to this Court. However, to the extent Kemp's filing could be interpreted as a claim for relief under 42 U.S.C. § 1983, it would be barred by the *Rooker–Feldman* doctrine, which precludes a federal court from deciding federal claims "inextricably intertwined" with the state court's judgment. *See Datz v. Kilgore,* 51 F.3d 252, 253 (11th Cir.1995). In addition, under *Younger v. Harris,* 401 U.S. 37,

91 S.Ct. 746, 27 L.Ed.2d 669 (1971), this Court would be compelled to abstain from exercising jurisdiction; *Younger* prohibits federal courts from restraining ongoing proceedings in state court. *See Liedel v. Juvenile Court of Madison County,* 891 F.2d 1542, 1546 (11th Cir.1990). So, if Kemp's pleading were construed as an independent action for relief under § 1983, dismissal would be appropriate.

1. Two of the assertions made by Kemp are of particular interest to the Court. Initially, Kemp continually refers to the undersigned as "Chief Judge." The undersigned is not happy with this promotion, and hopes he does not receive word of it through official channels.

In addition, although a promotion (as viewed by some) would be largess enough, Kemp raises another point that promises possible pecuniary benefits for the undersigned. Kemp takes the position that Article III judges are exempt from the federal income tax because, as Kemp correctly points out, Art. III, § 1 of the U.S. Constitution protects judges' salaries from being reduced during their tenure. Kemp argues that the undersigned's payment of taxes is evidence that the undersigned is not an Article III judge, and is therefore unqualified to hear this case. The undersigned is certainly an Article III judge, but would be positively thrilled to learn from some authoritative source that he is exempt from federal taxes.