In re TALON HOLDINGS, INC., d/b/a Reproduction Specialists Inc., merged with H.J. Rowe, Inc., d/b/a Chicago Furniture Manufacturing Company, Debtor.

H.J. ROWE, INC., d/b/a Chicago Furniture Manufacturing Company, Plaintiff,

v.

SEA PRODUCTS, INC., an Illinois Corporation, and Ted Wecker, Defendants.

Bankruptcy No. 97 B 37535.
Adversary No. 98 A 00063.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

May 28, 1998.

Harold D. Israel, Holleb & Coff, Chicago, IL, for Plaintiff.

William L. Needler, Northbrook, IL, for Respondent.

Richard Friedman, Chicago, IL, Trustee.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

Defendants Sea Products, Inc. and Ted Wecker (collectively "Defendants") move to dismiss this adversary proceeding (the "Adversary Proceeding") and for an order remanding the action to the Circuit Court of Cook County, Illinois (the "State Court"). For the reasons set forth below, the Court denies Defendants' Motion To Dismiss The Complaint And For Remand.

## I. BACKGROUND

Debtor Talon Holdings, Inc., d/b/a Reproduction Specialists, Inc., merged with H.J. Rowe, Inc., d/b/a Chicago Furniture Manufacturing Company, ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* ("Code") on December 8, 1997. A plan of reorganization has not been confirmed, although a disclosure statement and plan of reorganization were filed on March 10, 1998.

Prior to bankruptcy, Debtor was Plaintiff in the State Court in the case of *Harvey J. Rowe and H.J. Rowe, Inc. d/b/a Chicago Furniture Manufacturing Company v. Sea Products, Inc. and Ted Wecker,* Case No. 96 L 11217 (the "State Court Action"). On January 2, 1998, after its bankruptcy filling, Debtor filed a notice of removal (the "Notice of Removal") with the Clerk of the State Court. The State Court Action now pends before this Court as the instant Adversary Proceeding.

Debtor served a notice of the filing on Defendants via mail, but Defendants were not served with a summons in the Adversary Proceeding. According to Defendants, they did not receive a copy of the Notice of Removal until on or about January 12, 1998.

The only pleading attached to Debtor's Notice of Removal is the Third Amended Complaint (the "Complaint") filed in the State Court Action. In that six-count Complaint, Debtor seeks damages for injuries incurred after H.J. Rowe, Inc. ("H.J. Rowe") purchased the business of Chicago Furniture Manufacturing Company ("CFM") on or about January 7, 1994 from a party or parties related to Defendants. Among the allegations made, Debtor contends that Defendants breached a non-competition agreement, stole customers, interfered with collection of accounts receivable and conspired to acquire H.J. Rowe's business at a price below its market value.

Before removal, Defendants had appeared in the State Court Action, and they filed a number of pleadings in the State Court, including answers to the original and amended complaints, an objection to Debtor's motion for leave to amend its complaint, a motion to dismiss, and a motion to compel discovery. Defendants further state that one deposition had been taken and that Debtor had responded to Defendants' first set of interrogatories. However, the State Court apparently had not set a trial date and no hearings had been scheduled or held on the merits.

Defendants have not filed the response to Debtor's Notice of Removal required under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule" or "Fed.R.Bankr.P.") 9027(e)(3).[1]

## II. DISCUSSION

Defendants move that this case be dismissed and remanded because of defects in the removal procedure and on equitable grounds. Alternatively, Defendants move that the Court abstain from hearing the claims in the Complaint.

### A. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[2] Pursuant to 28 U.S.C. § 157(b)(2), Bankruptcy Judges may enter final orders in "core" proceedings arising under title 11. In the case of "non-core" proceedings which are "otherwise related to" a case under title 11, Bankruptcy Judges have the authority under 28 U.S.C. § 157(c)(1) to submit proposed findings of fact and conclusions of law to the District Court.

▉▉▉ Motions for remand and abstention are matters within the core jurisdiction of the Bankruptcy Court. *Brizzolara v. Fisher Pen Co. (In re Brizzolara)*, 158 B.R. 761, 767–69 (Bankr.N.D.Ill.1993). On the other hand, the rights asserted in Debtor's Complaint arise under state law and do not involve questions arising under the Bankruptcy

Code. *See In re U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir.1997). Because this lawsuit could and did stand alone in a state forum, it is a non-core matter within the Court's "related to" jurisdiction under 28 U.S.C. § 157(c)(1). *In re FedPak Systems, Inc.*, 80 F.3d 207, 213–14 (7th Cir.1996); *S.N.A. Nut Co. v. The Häagen–Daz Co. (In re S.N.A. Nut Co.)*, 206 B.R. 495, 499 (Bankr. N.D.Ill.1997).

### B. Removal

#### 1. Alleged defects in removal procedure as basis for dismissal and remand

The procedure for removal of claims related to bankruptcy proceedings is found in title 28 of the United States Code ("title 28"). Section 1452, dealing with removal to the Bankruptcy Court, provides as follows:

> A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Removal is accomplished by filing a notice under Bankruptcy Rule 9027(a), which sets forth the following requirements as to form and content of the notice:

> A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action the proceeding is core or

---

1. Among the provisions in the Bankruptcy Rules for procedure following removal, other parties to a removed lawsuit must comply with the following requirement:

 Any party who has filed a pleading in connection with the removed claim or cause of action, other than the party filing the notice of removal, shall file a statement admitting or denying any allegation in the notice of removal that upon removal of the claim or cause of action the proceeding is core or non-core. If the statement alleges that the proceeding is non-core, it shall state that the party does or does

not consent to entry of final orders or judgment by the bankruptcy judge. A statement required by this paragraph shall be signed pursuant to Rule 9011 and shall be filed not later than 10 days after the filing of the notice of removal. Any party who files a statement pursuant to this paragraph shall mail a copy to every other party to the removed claim or cause of action.
Fed.R.Bankr.P. 9027(e)(3).

2. References to "title 11" are to the Bankruptcy Code of 1978 as amended from time to time.

non-core and, if non-core, that the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy judge, and be accompanied by a copy of all process and pleadings.

Fed.R.Bankr.P. 9027(a)(1).

In addition, after removal, the following rule may apply:

> The district court or, if the case under the Code has been referred to a bankruptcy judge of the district, the bankruptcy judge, may require the party filing the notice of removal to file with the clerk copies of all records and proceedings related to the claim or cause of action in the court from which the claim or cause of action was removed.

Fed.R.Bankr.P. 9027(e)(1).

In this District, Local Bankruptcy Rule 420 requires that "[w]ithin twenty days after filing the petition for removal, the petitioner shall file with the clerk a copy of all records and proceedings had in the state court."

The procedure under Bankruptcy Rule 9027(a) is similar to the procedure under 28 U.S.C. § 1446(a), which also provides that the removal of a case from a state court to a federal court is accomplished through the filing of a notice of removal. *Princess Louise Corp. v. Pacific Lighting Leasing Co. (In re Princess Louise Corp.),* 77 B.R. 766, 768 (Bankr.C.D.Cal.1987). The prescribed notice is to contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). In addition, after removal, the District Court "may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court." 28 U.S.C. § 1447(b).

Defendants ask that the Court dismiss and remand this case because Debtor attached only the Third Amended Complaint to its Notice of Removal and because they were not served with process, as Bankruptcy Rule 7004 requires in adversary proceedings. As

discussed in the paragraphs that follow, neither argument is persuasive.

■ Addressing the question of defects in the removal procedure, Defendants point out that there appears to be some split of authority regarding the consequences of a removing party's failure to submit a copy of all process and pleadings along with its notice of removal. However, they cite only one case in which remand was ordered solely because the removing party did not attach to its notice of removal copies of all the pleadings, motions, orders, and other papers from a state court action. *Careertrack Seminars, Inc. v. Lomasney,* 150 B.R. 257 (D.Colo. 1992). Several other decisions have mentioned failure to submit all court pleadings and process as a basis for remand, but there were other grounds for remand in each instance. *Cordes v. Continental Holdings, Inc. (In re Continental Holdings, Inc.),* 158 B.R. 442, 445 (Bankr.N.D.Ohio 1993) (equitable factors under 28 U.S.C. § 1452(b) required remand); *E.F. Wonderlic and Assoc. v. Parma, Inc. (In re Tandem Enterprises, Ltd.),* 124 B.R. 283 (Bankr.N.D.Ill.1991) (removal application was untimely and court lacked jurisdiction under 28 U.S.C. §§ 157 and 1334).

Having reviewed the cases, this Court agrees with the line of cases finding that procedural defects such as the failure to submit copies of state court process and pleadings, standing alone, do not ordinarily constitute grounds for remand. *Crockett v. Klober (In re Klober),* 142 B.R. 300, 301 (Bankr. E.D.Ark.1992); *Citicorp Sav. of Illinois v. Chapman (In re Chapman),* 132 B.R. 153, 156 (Bankr.N.D.Ill.1991); *Princess Louise,* 77 B.R. at 769. Notably, too, in cases addressing the general removal provisions of Title 28, federal district courts have reached the same conclusion. *Usatorres v. Marina Mercante Nicaraguenses, S.A.,* 768 F.2d 1285, 1286 (11th Cir.1985); *Agee v. Huggins,* 888 F.Supp. 1573, 1577 (N.D.Ga.1995); *Bank IV Salina, N.A. v. Aetna Cas. & Sur. Co.,* 783 F.Supp. 1315, 1317 (D.Kan.1992). *See also State of Alabama v. Kemp,* 952 F.Supp. 722, 723 (N.D.Ala.1997) (in case where removal jurisdiction was lacking, failure to attach copies of process and pleadings was an

additional factor that would warrant remand). Because failure to attach documents can be cured, the Court will not dismiss this Adversary Proceeding for failure to comply with Bankruptcy Rule 9027(a)(1), but will order that all appropriate documents be filed by a date certain.

■■■ Turning to the question whether Debtor should have served Defendants with a summons, Defendants correctly note that a claim or cause of action removed pursuant to 28 U.S.C. § 1452 is an adversary proceeding subject to the provisions in Part VII of the Bankruptcy Rules. Fed.R.Bankr.P. 7001. Also, Bankruptcy Rule 7004, governing service of process in adversary proceedings, does not expressly except removed proceedings from its application.

Under the provisions in title 28 governing procedure after removal "the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise." 28 U.S.C. § 1447(a). The following provision for process after removal also applies:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court . . .

28 U.S.C. § 1448.

Since subsections (e)(1) and (f) of Bankruptcy Rule 9027 contain parallel language,[3] it is clear that there is no requirement of new

service of process if service was completed prior to removal.

### 2. Equitable remand

■■■ Defendants also ask that this case be remanded to the State Court pursuant to 28 U.S.C. § 1452(b), which provides in relevant part that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Factors to be considered in the decision whether to order equitable remand include the following:

1. duplicative and uneconomical effort of judicial resources in two forums;
2. prejudice to the involuntarily removed party or parties;
3. forum non conveniens;
4. a determination that the state court is better able to respond to questions of state law;
5. considerations of comity;
6. a lessened possibility of inconsistent results; and
7. the expertise of the court in which the matter was originally pending.

*In re Gen–Air Plumbing & Remodeling, Inc.,* 208 B.R. 426, 432 (Bankr.N.D.Ill.1997); *Artra Group, Inc. v. Salomon Brothers Holding Co., Inc. (In re Emerald Acquisition Corp.),* 170 B.R. 632, 645 (Bankr.N.D.Ill. 1994); *Chapman,* 132 B.R. at 158 (Bankr. N.D.Ill.1991). As the parties seeking remand, Defendants have the burden of establishing that remand is appropriate. *Brizzolara,* 158 B.R. at 769 (Bankr.N.D.Ill.1993).

■■■ Defendants do not complain of forum non conveniens or that any related proceedings remain pending in the State Court. Nor do they claim prejudice from removal separate and apart from that which would flow from the other factors under § 1452(b).

---

**3.** Relevant subsections of Bankruptcy Rule 9027 provide as follows:

(e)(1) After removal of a claim or cause of action to a district court the district court, or, if the case under the Code has been referred to a bankruptcy judge of the district, the bankruptcy judge, may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the court from which the claim or cause of action was removed or otherwise.

(f) Process After Removal. If one or more of the defendants has not been served with process, the service has not been perfected prior to removal, or the process served proves to be defective, such process or service may be completed or new process issued pursuant to Part VII of these rules . . .

Fed.R.Bankr.P. 9027(e)(1) and (f).

Looking to factors 1, 5 and 6, because the State Court Action was removed at a very early stage in the litigation, concerns for comity, waste of judicial resources, and possible inconsistent results are not implicated. Prior to removal, the State Court ruled on the sufficiency of Debtor's complaint and some discovery issues, matters that commonly present themselves in the early stages of a case. The State Court would not have acquired any extensive familiarity with the facts of the case to rule on the motions brought, and no decisions were made on the merits. Finally, factors 4 and 7 do not weigh in favor of removal, as the case does not involve new or difficult questions of state law. None of the elements listed in *Gen–Air* having been met, equitable considerations do not warrant remand.

### C. Abstention

In the alternative, Defendants contend that both mandatory abstention under 28 U.S.C. § 1334(c)(2) and permissive abstention under 28 U.S.C. § 1334(c)(1) are appropriate here. Debtor does not question whether abstention is properly considered in a case that has been removed from a state court.[4] Nor is it necessary to take a position on that issue, as Defendants have not established that abstention is appropriate in any event.

### 1. Mandatory abstention

 Under 28 U.S.C. § 1334(c)(2), abstention is mandatory where the following criteria are met: (1) the suit is based on a state law cause of action that, although related to a case under title 11, does not arise under title 11 or arise in a case under title 11; (2) there is no separate basis for federal jurisdiction apart from the bankruptcy; (3) an action has already commenced in the state court; and (4) the case could be timely adjudicated in the state court. *Cullen Electric Co. v. Bill Cullen Electrical Contracting Co. (In re Bill Cullen Electrical Contracting Co.)*, 160 B.R. 581, 585 (Bankr.N.D.Ill.1993).

Non-core actions initiated by a debtor in a state court prior to the date of a bankruptcy petition would ordinarily seem to satisfy three of the four elements under § 1334(c)(2), as such lawsuits are not core proceedings and would not fall within the

---

4. There is some controversy as to whether mandatory abstention is appropriate after a lawsuit has been removed to the Bankruptcy Court. *See, e.g., Montague Pipeline Technologies Corp. v. Grace/Lansing (In re Montague Pipeline Technologies Corp.)*, 209 B.R. 295, 303–05 (Bankr. E.D.N.Y.1997) (describing controversy); *Midgard Corp. v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 773–75 (10th Cir. BAP 1997) (same).

Those decisions finding abstention under 28 U.S.C. § 1334(c) inapplicable to removed cases reason that abstention can only exist where there is a parallel proceeding in a state court. *E.g., Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1009–10 (9th Cir.1997). To require a pending state court action as a requirement of abstention would eliminate any confusion with 28 U.S.C. § 1452(b), which provides district courts with authority to remand previously removed cases in situations where there is no parallel proceeding in a state court. *Id.* at 1010.

In the case of motions seeking remand and discretionary abstention as alternative grounds for relief, a decision one way or the other on the issue whether the court may abstain would probably be of little consequence, as courts generally concur that the considerations underlying discretionary abstention and equitable remand are the same. *See e.g., Balcor/Morristown Limited Partnership v. Vector Whippany Assoc.*, 181 B.R. 781,

788 (D.N.J.1995); *St. Vincent's Hosp. v. Norrell (In re Norrell)*, 198 B.R. 987, 998 (Bankr.N.D.Ala. 1996). On the other hand, where mandatory abstention is urged, remand is arguably elevated to a matter of right, and the District Court's removal jurisdiction is limited. *See Baldwin Park Inn Assoc. v. City of Baldwin Park (In re Baldwin Park Inn Assoc.)*, 144 B.R. 475, 479, 481 (C.D.Cal.1992).

Ultimately, many decisions finding mandatory abstention appropriate in removed cases go on to state that if the requirements under 28 U.S.C. § 1334(c)(2) for mandatory abstention are met, there is an equitable ground for remand under 28 U.S.C. § 1452(b). *See Cathedral of Incarnation in Diocese of Long Island v. Garden City Co. (In re Cathedral of the Incarnation in Diocese of Long Island)*, 99 F.3d 66, 69 (2d Cir.1996); *Midgard*, 204 B.R. at 775; *Roddam v. Metro Loans, Inc. (In re Roddam)*, 193 B.R. 971, 981 (Bankr. N.D.Ala.1996) ("[t]he presence of facts supporting abstention, when coupled with related considerations of comity and preference for the resolution of state law questions by state courts, implied in section 1452(b), 'tips the scales of equity in favor of remanding this case'"). Bearing in mind the overlap between factors bearing on abstention and on remand, one might question whether a full consideration of all factors relative to remand could obviate the need to consider abstention in most, if not all, removed cases.

jurisdiction of the federal courts absent the bankruptcy. Thus, where a party opposing removal contends that abstention is mandatory, the possibility of timely adjudication in the state court would seem to be the critical variable. The results would vary from jurisdiction to jurisdiction, depending on the caseload and efficiency of the particular state court from which a case had been removed.

Looking to the showing made here on the question of timely adjudication in the State Court, Defendants have described motions previously decided by the State Court, but they have not provided information that would enable an assessment as to when the case would be likely to go to trial. Because Defendants have not established that this suit could be timely adjudicated in the State Court, their request for mandatory abstention is denied.

### 2. Permissive abstention

 Under 28 U.S.C. § 1334(c)(1), "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." While the relevance and importance of particular factors will vary with the circumstances of a case, the Seventh Circuit has identified the following factors as bearing on the decision whether to abstain:
(1) the decision's effect or lack of effect on the efficient administration of the estate, (2) the extent to which issues under state law predominate over bankruptcy issues, (3) the difficulty or unsettled nature of applicable law, (4) the presence of a related proceeding commenced in a state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the relationship of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to

be entered in the state court with enforcement left to the bankruptcy court, (9) the burden of the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in the bankruptcy court constituted forum shopping on the part of one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties.

*In re Chicago, Milwaukee. St. Paul & Pacific R. Co.,* 6 F.3d 1184, 1189 (7th Cir.1993).

 As the parties seeking abstention, Defendants have the burden of establishing that abstention is appropriate. *S.N.A. Nut Co.,* 206 B.R. at 501. Because federal courts should generally exercise their jurisdiction if properly conferred, abstention is the exception rather than the rule. *Chicago, Milwaukee,* 6 F.3d at 1189.

Applying relevant factors here, the Court concludes that factors 1, 3, 4, 6, 9, 10, and 12 all favor the exercise of this Court's jurisdiction over the case. As already noted in the discussion of factors relevant to remand, at the time this action was removed, the proceedings in the State Court were not sufficiently advanced such that concerns for comity and waste of judicial resources are implicated. The suit does not raise difficult or unsettled questions of state law either, and there are no related proceedings pending in the State Court. Nor is there any evidence of forum shopping on the part of Debtor.

Looking to the relationship between the Adversary Proceeding and the bankruptcy case as a whole, the outcome of this litigation will affect the amount paid to creditors of the estate, and the underlying facts are very possibly intertwined with those of claims by CFM and Defendant Sea Products against the Debtor.[5] On balance, permissive abstention is inappropriate.

### III. CONCLUSION

For the reasons set forth above, the Court denies Defendants' Motion to Dismiss Complaint and for Remand to State Court.

---

**5.** In the Complaint, Debtor alleges that contemporaneously with their campaign to destroy H.J. Rowe's business, Defendants demanded payment of approximately $147,000 on an installment note that Debtor had executed in connection

with the purchase of CFM. Cmplt., ¶¶ 45, 48, 52. The Court further notes that the claims register in the bankruptcy case includes a claim by CFM for $146,792.81 and a claim by Defendant Sea Products, Inc., for $50,954.15.

222

## ORDER

**IT IS** hereby **ORDERED** that the Motion to Dismiss Complaint and for Remand to State Court of Defendants Sea Products, Inc. and Ted Wecker is denied. **IT IS FURTHER ORDERED** that Plaintiff make the filings required under Fed.R.Bankr.P. 9027(a)(1) and Local Rule 420 on or before June 16, 1998.