In re WATERS ASBESTOS AND SUPPLY COMPANY, INC., Debtor.

INSULATION DISTRIBUTORS, INC., a Utah corporation, Plaintiff,

v.

Charles WATERS, individually, BVW Inc., an Idaho corporation, BVW Inc. d/b/a Waters Building Supply, and Waters Insulation Supply Co., an Idaho corporation, Defendants.

Charles WATERS, individually, BVW Inc., an Idaho corporation, BVW Inc. d/b/a Waters Building Supply, and Waters Insulation Supply Co., an Idaho corporation, Third–Party Plaintiffs,

v.

L.D. FITZGERALD, as Trustee in Bankruptcy, Third–Party Defendant.

Bankruptcy No. 95–01714.
Adversary No. 98-6197.

United States Bankruptcy Court, D. Idaho.

Aug. 27, 1998.

Matthew Cleverley, Idaho Falls, Idaho, for Plaintiff.

John M. Ohman, Idaho Falls, for Defendants and Third Party–Plaintiffs.

Craig W. Christensen, Pocatello, Idaho, for Third–Party Defendant.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

### BACKGROUND

In state court, Insulation Distributors, Inc. (" Plaintiff") sued Charles Waters individually, BVW Inc., d/b/a Waters Building Supply, and Waters Insulation Supply Company (collectively "Defendants") alleging that Defendants failed to pay Plaintiff for $17,672.05 worth of construction materials. Defendants filed a Third Party Complaint against L.D. Fitzgerald ("Trustee"), the Chapter 7 bankruptcy trustee for Waters Asbestos and Supply Company ("Debtor"), alleging that he, on behalf of the bankruptcy estate, is responsible for some or all of Plaintiff's charges. Trustee,caused the removal of the state court action to this Court. The matter is before the Court on Plaintiff's Motion to Remand. Following a hearing on July 29, 1998, the matter was taken under advisement.

### FACTS

Defendant Charles Waters was a principal of Debtor. Debtor filed for relief under Chapter 7 on June 8, 1995. At some time thereafter, Waters formed a new corporation, BVW, Inc. ("BVW"), to carry on a substantially similar business as that in which Debtor had engaged prior to its bankruptcy. BVW operates under the trade name Waters Building Supply. From April to August of 1996, Plaintiff allegedly provided construction materials to Waters Insulation and Supply, which materials had been ordered by BVW. Plaintiff was not paid for these materials. On January 22, 1998, Plaintiff filed the state court action to recover from Defendants. Defendants then filed a Third Party Complaint against Trustee, alleging that Trustee had agreed to reimburse them for the materials purchased from Plaintiff, such agreement being made in order to complete jobs of Debtor. To the extent there was such an agreement, Plaintiff asserts it occu-

pies a third party beneficiary status, and it also seeks payment from Trustee.

## DISCUSSION

Under the Federal removal statute, an action in state court may be removed to bankruptcy court if jurisdiction exists under 28 U.S.C. § 1334. 28 U.S.C. § 1452(a). Once removal to bankruptcy court is completed, the court may remand the action on any equitable ground. 28 U.S.C. § 1452(b).

■ Does this Court have subject matter jurisdiction? Under Section 1334, the district court has jurisdiction over "actions arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A proceeding "arises under" Title 11 when the cause of action is created or decided by a provision of Title 11. *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir.1995). The meaning of "arising in" is not as clear, but seems to refer to those matters that arise only in a bankruptcy case. In other words, "arising in" proceedings are not based on any right created by Title 11, but, nevertheless, would have no existence outside of the bankruptcy. *Id.* (citing *In re Wood*, 825 F.2d 90, 96–97 (5th Cir.1987) (footnote omitted)).

An action is "related to" when "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Fietz v. Great Western Savings (In re Fietz)*, 852 F.2d 455, 457, 11 U.S.C. § 503(a) authorizes an entity to file a request for payment of an administrative expense with this Court. 11 U.S.C. § 503(b)(1)(A) allows as an administrative expense "the actual, necessary costs and expenses of preserving the estate...." If the allegations of the third party complaint are proven, clearly any charges Trustee agreed to pay in connection with completion of Debtor's unfinished projects would qualify for administrative expense status, and be payable as such from the bankruptcy estate. (9th Cir.1988)(quoting *Pacor, Inc., v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984)).

While Plaintiff's original action is based upon the account agreement between Plaintiff and Defendants, and therefore state law, the parties' claims against Trustee may be seen as arising under Title 11. Defendants, as Third Party Plaintiffs, are seeking to establish the liability of Trustee and the bankruptcy estate for Plaintiff's charges. The basis of the Third Party Complaint is an alleged agreement between Defendants and Trustee, in which Trustee, on behalf of the bankruptcy estate, agreed to reimburse Defendants for material purchased from Plaintiff used to complete existing jobs of Debtor. In effect, Defendants assert what amounts to an administrative priority claim under Section 503 of the Bankruptcy Code for the cost of the materials purchased by Defendants. As such, whether Defendants are entitled to allowance of their claim against Trustee will be governed by the provisions of Title 11. Jurisdiction therefore exists under Section 1334(b), this is a "core proceeding", and this Court may hear, determine, and enter appropriate final orders and judgments in the action. 28 U.S.C. § 157(b)(1) and (b)(2)(A), (O).

■ Does an equitable ground exist justifying remand to state court? Equitable grounds include: (1) strength of the connection between the state case and the bankruptcy case; (2) duplication of judicial resources in two forums; (3) whether the outcome significantly impacts the bankruptcy case; (4) expertise of the particular court; (5) comity considerations; and (6) whether the involuntarily removed party would be prejudiced by a decision not to remand. *Idaho First National Bank v. Bliss Valley Foods, Inc. (In re Bliss Valley Foods, Inc.)*, 88 I.B.C.R. 292, 296; see also *Rowe v. Sea Products, Inc. (In re Talon Holdings, Inc.)*, 221 B.R. 214, 219 (Bankr. N.D.Ill.1998) and *SBKC Service Corporation v. 1111 Prospect Partners, L.P. (In re 1111 Prospect Partners, L.P.)*, 204 B.R. 222, 225 (Bankr.D.Kan.1996). In this case, the connection between the state case and the bankruptcy case is a strong one since it is asserted that liability for Plaintiff's charges ultimately rests with the bankruptcy estate. The outcome of the proceeding could significantly impact the administration of the bankruptcy estate. The bankruptcy court's expertise in matters dealing with the bank-

ruptcy estate also suggests that the case not be remanded. This Court,in its supervisory role, has an inherent interest in any suit against a trustee for liability on behalf a bankruptcy estate. Finally, since this Court can promptly and capably decide Plaintiff's claims against Defendants, no prejudice will result to Plaintiff or Defendants if the proceeding is not remanded to state court. While there is no question that the state court is a proper forum to decide the liability between Plaintiff and Defendants, once Trustee was brought into the proceeding, this Court became the most appropriate forum to determine the issues, especially those related to the bankruptcy estate and its trustee.

CONCLUSION

For these reasons, Plaintiff's Motion to Remand will be denied by separate order. The action will be scheduled for a pretrial conference upon notice by the Clerk.