United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41096
Conference Calendar

_____

STEVEN LYNN DEEM,

Plaintiff-Appellant,

versus

DIANE DEVASTO; JILL E. MCFADDEN,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CV-579-LED-JKG
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Steven Lynn Deem, Texas prisoner #835277, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim. His civil rights suit alleged that a state court judge and a state clerk of court unconstitutionally denied him a free copy of his trial record.

Deem stated that he wanted a free copy of his trial record in connection with a habeas proceeding; however, there is no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutional mandate that a habeas petitioner must be provided a free copy of his state-court criminal trial record.  See Smith v. Beto, 472 F.2d 164, 165 (5th Cir. 1973).  Moreover, the denial of a free copy of Deem's trial record in connection with his habeas proceeding did not violate his equal protection rights.  See United States v. MacCollum, 426 U.S. 317, 324-25 (1976).

As Deem's appeal is without arguable merit, it is DISMISSED as FRIVOLOUS.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The dismissal of this appeal as frivolous and the district court's dismissal of his 42 U.S.C. § 1983 suit pursuant to 28 U.S.C. § 1915A(b)(1) count as two strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Deem accrued another strike when we dismissed for want of prosecution his appeal from the dismissal, under 28 U.S.C. § 1915(e)(2)(B)(ii), of his civil rights action in Deem v. Rodriguez, No. 4:04-CV-2617 (S.D. Tex. Aug. 6, 2004).  See Deem v. Rodriguez, No. 04-20688 (5th Cir. Dec. 2, 2004).  Accordingly, Deem is BARRED from proceeding in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; § 1915(g) BAR IMPOSED.